(651 P.2d 27)
No. 54,151

STATE OF KANSAS, *Appellee,* v. RICHARD A. GARTON, *Appellant.*

Opinion filed September 30, 1982.

*Lelyn J. Braun,* of Garden City, for appellant.

*Craig D. Kershner,* county attorney; and *Robert T. Stephan,* attorney general, for appellee.

Before FOTH, C.J., ABBOTT and PARKS, JJ.

ABBOTT, J.: Richard A. Garton appeals from a conviction for unlawful possession of a firearm within five years of release from imprisonment for a felony. K.S.A. 21-4204(1)(*b*).

On March 21, 1975, Garton was sentenced to one to five years for a class E felony. On March 22, 1976, he was paroled. Following parole revocation, Garton was returned to custody July 30, 1976. He was subsequently released January 27, 1978. On July 24, 1981, defendant was charged with unlawful possession of a firearm in violation of K.S.A. 21-4204(1)(*b*).

K.S.A. 21-4204(1)(*b*) prohibits a person, who within five years preceding such violation has been convicted of a felony or has been released from imprisonment for a felony, from possessing a firearm.

Defendant was convicted and appeals. He argues that his release from imprisonment for a felony must be computed from March 22, 1976, the date of his parole, rather than from January 27, 1978, the date of his final release from custody.

Garton concedes his arrest for possession of a firearm occurred within five years of his final release. He argues, however, that his incarceration in 1976 was for parole violation, not conviction of a felony. We disagree. Parole is a conditional release from physical custody, not a reduction of sentence or a pardon. K.S.A. 22-3717(4) (Weeks) [now K.S.A. 22-3717(*d*)]. The parolee remains in the legal custody of the State, constructively a prisoner of the State. *Johnson v. Stucker,* 203 Kan. 253, 453 P.2d 35, *cert. denied*

396 U.S. 904 (1969). K.S.A. 22-3717(4) (Weeks) [now K.S.A. 22-3717(*d*)]. While on parole, the parolee remains subject to arrest for violation of the conditions of his parole. K.S.A. 1976 Supp. 75-5217 (now K.S.A. 1981 Supp. 75-5217). At the revocation hearing, the continuation of the parolee's conditional release is at issue. The violation under consideration may or may not be the commission of a criminal offense. *Johnson v. Stucker,* 203 Kan. at 260. Any recommitment ordered by the Kansas Adult Authority must of necessity be to serve any unexpired portion of the parolee's sentence. We hold that defendant's release from prison for commission of a felony for purposes of K.S.A. 21-4204(1)(*b*) occurred on January 27, 1978.

Affirmed.