(814 P.2d 452)

No. 65,677

STATE OF KANSAS, *Appellee*, v. CURTIS ZIRKLE, *Appellant*.

—

Opinion filed July 3, 1991.

*Reid T. Nelson*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for the appellant.

*Gene M. Olander*, district attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before BRISCOE, C.J., ELLIOTT and LARSON, JJ.

BRISCOE, C.J.: Defendant Curtis Zirkle challenges the sentence imposed following revocation of probation from a conviction of one count of burglary (K.S.A. 21-3715), a class D felony.

In January 1987, Zirkle was charged with burglary, unlawful use of a weapon, and five counts of theft. In September 1987, he pleaded guilty to burglary and the State dismissed all other charges. Zirkle was committed to Topeka State Hospital for a presentence mental examination, was discharged, and was sent to Larned State Hospital for evaluation. On June 3, 1988, the district court suspended imposition of sentence and placed Zirkle on probation for a period of three years. Zirkle violated the terms of his probation and his probation was revoked on March 21, 1990. The court sentenced Zirkle to a term of one to five years' imprisonment. The court then discovered he was entitled to six months' jail time credit and immediately vacated the original sentence and resentenced Zirkle to a term of two to five years' imprisonment.

Zirkle contends the trial court was without jurisdiction to vacate his original sentence and impose a greater sentence based upon the amount of jail time credit he would receive.

At issue is the legality of the sentence imposed. An illegal sentence is either a sentence imposed by a court without jurisdiction, a sentence which does not conform to statutory provisions either in character or term of punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served. *State v. Thomas*, 239 Kan. 457, 460, 720 P.2d 1059 (1986). A review of the sentencing transcript in the present case reveals the following exchange:

"THE COURT: All right. The Court pronounces judgment that defendant shall be sentenced and committed to the custody of the Secretary of Corrections for an indeterminate term of imprisonment, the minimum of which shall be one year, the maximum of which shall be five years, for the offense of burglary as provided by K.S.A. 21-3715 which is a class D felony.

"Let's see, how much jail time does he have? He may have a considerable amount on that one year already, I don't know.

"THE DEFENDANT: I have about six months, Your Honor.

"THE COURT: Well, I am going to vacate my sentence and make it two-to-five with the understanding—and I am still going to evaluate carefully

before I make a final judgment of the case, but I don't want him immediately sent back to a state parole situation before I get a chance to consider modification or probation. But, the main reason for this is to get a—is to get an SRDC report. That would be the Court's judgment. And he is credited with all time in custody including I believe he was at Larned.

"MR. CERRILLO: Yes, he was at Larned and I believe at Topeka State, Topeka State Hospital, in drug treatment as well.

"THE COURT: All right. Thank you very much."

Zirkle did not object to the district court's sentencing procedure. As a general rule, failure to raise the issue before the district court would preclude appellate review. *State v. Burgess*, 245 Kan. 481, 488, 781 P.2d 694 (1989). Under K.S.A. 22-3504, however, an illegal sentence may be corrected at any time. *State v. D.L.P.*, 13 Kan. App. 2d 647, Syl. ¶ 2, 778 P.2d 851 (1989). Further, an appellate court may consider a newly asserted issue "if consideration is necessary to serve the ends of justice or to prevent a denial of fundamental rights." *State v. Anderson*, 12 Kan. App. 2d 342, 343, 744 P.2d 143 (1987).

While this appeal was pending, Zirkle was placed on parole. Therefore, before reaching the merits of the issue presented, we must first determine whether his subsequent release on parole renders his appeal moot. This court will not render opinions in appeals that present moot issues or where judgment could have no practical effect on a then existing controversy. *State, ex rel., v. Engler*, 181 Kan. 1040, 1042, 317 P.2d 432 (1957). Nevertheless, in such cases, "[t]he court will proceed to judgment whenever dismissal of an appeal adversely affects rights vital to the parties, even where its judgment will not be enforceable because of lapse of time or other changed circumstances." *Gonzales v. State*, 11 Kan. App. 2d 70, 71, 713 P.2d 489 (1986).

Here, Zirkle is on parole, but parole is a conditional release from prison, not a reduction of sentence or a pardon. K.S.A. 1990 Supp. 21-4602(4); K.S.A. 1990 Supp. 22-3717(e). Zirkle is still in the State's custody. *State v. Garton*, 8 Kan. App. 2d 142, 651 P.2d 27, *rev. denied* 232 Kan. 876 (1982). The amount of time Zirkle spends on parole is governed by the sentence imposed. K.S.A. 1990 Supp. 22-3717. Should his parole be revoked, Zirkle's sentence would dictate his remaining term of imprisonment. K.S.A. 1990 Supp. 22-3717(d); K.S.A. 75-5217. If Zirkle's contentions on appeal are correct, he would be entitled to re-

sentencing where the original sentence or a lesser sentence would be imposed. Since a new sentence could potentially affect either the amount of time he spends on parole or the amount of time he spends in prison, there is little question this court is asked to consider an issue that affects Zirkle's vital rights. Further, since 22-3504 allows a court to correct an illegal sentence at any time, this court will consider the appeal.

Zirkle presents two questions: (1) When is a sentence actually imposed by the district court? (2) Does K.S.A. 1990 Supp. 21-4603 prohibit sentence modification which imposes a more severe sentence?

Our Supreme Court answered the first question in *State v. Moses*, 227 Kan. 400, 402-03, 607 P.2d 477 (1980):

"Regardless of which of the [sentencing] alternatives the court selects, the judgment *is effective upon its pronouncement from the bench*; the filing of a formal journal entry is but a record, evidence of what has been done. The court's order does not derive its effectiveness from the journal entry, or from any act of the clerk; *it is effective when announced.* The defendant is personally present, and thus knows that *at that moment* he or she has been sentenced, fined, or placed on probation, or that the imposition of sentence has been suspended." (Emphasis added.)

Applying the rule to this case, Zirkle was sentenced when the court announced the one- to five-year sentence from the bench. At that moment, Zirkle knew he had been sentenced and what the sentence was. No additional act was necessary for the pronouncement to be effective. The district court clearly understood this rule as well; otherwise, it would not have "vacated" the sentence imposed.

The second question is easily answered. In Kansas, the power to modify a sentence is granted in limited situations. As discussed, under 22-3504 the court can correct an illegal sentence. The court can also correct clerical errors in judgments or other parts of the record. However, here, the district court was not relying on 22-3504 in modifying its judgment.

A district court has statutory authority to modify a criminal sentence once it is imposed, but there are limits to that authority. Under K.S.A. 1990 Supp. 21-4603(4)(a):

"[A]ny time within 120 days after a sentence is imposed, after probation or assignment to a community correctional services program has been revoked,

the court may modify such sentence, revocation of probation or assignment to a community correctional services program *by directing that a less severe penalty be imposed in lieu of that originally adjudged within statutory limits.*" (Emphasis added.)

In interpreting 21-4603(4)(a), we must "strictly construe the act in favor of the accused." *State v. Magness*, 240 Kan. 719, 721, 732 P.2d 747 (1987). There is no question that the statute permits a downward modification of sentence. The question is whether it allows a greater sentence. The predecessor statute, G.S. 1959 Supp. 62-2239, provided a district court the authority to "modify a sentence within sixty (60) days after it is imposed." In construing that language, the Supreme Court held the word "modify" empowered the court to reduce a sentence but did not authorize it to increase a sentence. *Veronee v. State*, 193 Kan. 681, 683, 396 P.2d 360 (1964). Both the case law interpreting the predecessor statute and the clear language of 21-4603(4)(a) prohibit the court from increasing sentences. Once a sentence is imposed, the district court is powerless to vacate that sentence and impose a harsher sentence.

Zirkle's sentence is vacated and this case is remanded with directions to reinstate the sentence of one to five years, or a lesser sentence.