No. 98,976

STATE OF KANSAS, *Appellee*, v. CARL E. HOWARD, *Appellant*.

(198 P.3d 146)

Opinion filed December 19, 2008.

*Matthew M. Dwyer*, of Maughan & Maughan LC, of Wichita, argued the cause, and *Carl F.A. Maughan*, was with him on the brief for appellant.

*Matt J. Maloney*, assistant district attorney, argued the cause, and *Nola Tedesco Foulston*, district attorney, and *Stephen N. Six*, attorney general, were with him on the brief for appellee.

The opinion of the court was delivered by

Nuss, J.: Twenty years after Carl E. Howard was sentenced for convictions of aggravated kidnapping, two counts of rape, and six counts of aggravated criminal sodomy, he filed a motion to correct an illegal sentence. He now appeals the district court's denial of his motion. We have jurisdiction to review the denial because a life sentence had been imposed. See K.S.A. 22-3601(b)(1); *State v. Thomas*, 239 Kan. 457, Syl. ¶ 2, 720 P.2d 1059 (1986).

The sole issue on appeal is whether the district court erred in summarily denying Howard's motion. We hold the court did not err and affirm.

## FACTS

In 1987, a jury convicted Carl Howard of one count of aggravated kidnapping, two counts of rape, and six counts of aggravated criminal sodomy. The convictions arose out of a single episode involving the sister of his former girlfriend and were affirmed by this court in *State v. Howard*, 243 Kan. 699, 763 P.2d 607 (1988).

According to the 1987 journal entry of judgment, the court imposed a base sentence of life on Count I, the aggravated kidnapping charge; sentences of 20 years to life on Counts IV and VIII, the rape charges; and sentences of 15 years to life on Counts II, III, V, VI, VII, and IX, the aggravated criminal sodomy charges. The rape sentences were concurrent with each other, but consecutive to the aggravated kidnapping sentence. Similarly, the aggravated criminal sodomy sentences were concurrent with each other, but consecutive to the rape sentences. In short, according to the journal entry, Howard was to serve a life sentence, consecutive to two concurrent sentences of 20 years to life, which were in turn consecutive to six concurrent sentences of 15 years to life.

In 2007, Howard filed a pro se motion to correct an illegal sentence pursuant to K.S.A. 22-3504. He asserted that he was wrongly serving the journalized sentence because he had actually only been sentenced to life, plus 15 years to life. Howard's motion is based upon confusing statements of the trial judge made at sentencing hearings held on consecutive days.

According to the transcript of the sentencing hearing on July 29, 1987, the trial judge first imposed a sentence of life, plus 10 years to life. The State interrupted, pointing out that this sentence was illegal because the minimum sentence for aggravated criminal sodomy was 15 years, not 10. The court corrected the sentence to life, plus 15 years to life.

Later in the hearing, defense counsel asked for sentence clarification. After a lengthy exchange between the court and counsel for both sides, the following colloquy occurred:

"[DEFENSE COUNSEL]: Okay. So he has *life plus fifteen* [to life] *plus twenty* [to life]?
"THE COURT:            Right.
"[DEFENSE COUNSEL]: Thank you.
"THE COURT:            Anything further in this case?
"[DEFENSE COUNSEL]: No. Thank you, Your Honor." (Emphasis added.)

The proceedings then adjourned.

According to the transcript, the next day, July 30, the judge brought everyone back "on the court's own motion" to "clear up" its previous ruling. He stated, "So at this time the Court is going to *restate* the sentence which the Court *intended to give*, which this Court *believed that it made* in this case." (Emphasis added.)

The judge then described the sentence he believed he had imposed, which was life, plus 15 years to life. The prosecutor quickly pointed out that the judge had just pronounced a different sentence than the one he had previously imposed: "Yesterday in this courtroom you said that the sentence was life plus thirty-five to life. And now you've given us life plus fifteen to life."

The judge responded, "Well, *it's not my intention to give* [life] *plus fifteen to life*. It's my intention to give the same sentence today as I gave yesterday." (Emphasis added.) He reiterated, "I want it [the sentence] to be exactly as I gave it yesterday."

After another lengthy discussion between the court and all counsel about the actual sentence imposed, the following colloquy occurred:

"[PROSECUTOR]: Your Honor, probably five, ten minutes into the sentencing yesterday, at some point you said the controlling term was life plus twenty to life. You *clarified* that later on, and that

was no longer true. The version's changed. *At the end of the hearing yesterday, the final word was life plus twenty plus fifteen. That was your final sentencing at the end of the hearing yesterday. And that's what you just repeated here today. Yesterday there were any number of different versions, but that's what the bottom line was at the end of the hearing yesterday. And I don't believe there's a change been made.*

"THE COURT:  Well, it's *still life plus twenty to life plus fifteen* [to life.]. It's *still* the sentence of this Court." (Emphasis added.)

The colloquy immediately following concerned preparation of the journal entry. It confirmed that the prosecutor had correctly recited the judge's actual sentence:

"[DEFENSE COUNSEL]:  Your Honor, would it be improper for me to request that this Court do the journal entry on this so that— and of course, I don't mean—

"THE COURT:  Well, I think that it's proper for the State to do the journal entry. I will be glad to listen to any arguments over that. *It seems to me like* [the prosecutor] *understands exactly what the sentence is at this time.*" (Emphasis added.)

As mentioned, the journal entry signed by the judge and counsel and filed 2 weeks later reflected the judge's clarification of the sentence and its reiteration. Among other things, it provided:

"Thereafter, on the 30th day of July, 1987, this case comes on for further hearing on the Court's own motion for *clarification* of sentence, all parties appearing as aforesaid. Whereupon, the court *reiterates* the sentences imposed herein on the *29th* day of July, 1987." (Emphasis added.)

Twenty years later when Howard filed his motion to correct an illegal sentence, a different judge summarily denied it. That judge held that the sentence was not illegal; the journal entry accurately reflected the original judge's actual sentence.

## ANALYSIS

Issue: *The district court did not err in summarily denying Howard's motion to correct an illegal sentence.*

Howard claims the district court erred by improperly denying him a full evidentiary hearing and appointment of counsel, as well as in its ruling on the merits. Specifically, he claims his sentence

became ambiguous because the sentencing judge articulated multiple sentences over the course of 2 days. Howard argues that the journal entry does not control and must be corrected to reflect the sentence purportedly pronounced from the bench: life, plus 15 years to life.

The State responds that the sentence was unambiguous because the court's final oral pronouncement was life, plus 20 years to life, plus 15 years to life. That pronouncement was correctly memorialized in the journal entry. The State argues that because the sentence was unambiguous, it clearly was not illegal, and that the district court was therefore correct in summarily denying Howard's motion.

*Standard of Review*

We first acknowledge that K.S.A. 22-3504 does not automatically require a full hearing upon the filing of a motion to correct an illegal sentence. *State v. Hoge*, 283 Kan. 219, 224, 150 P.3d 905 (2007). The district court first makes a preliminary examination of the motion. Based upon that examination, the court can deny the motion "without a hearing or appointment of counsel if the district court determines the motion, files, and records of the case conclusively show the defendant is not entitled to relief." *Hoge*, 283 Kan. at 224. Here, the district court summarily denied Howard's motion.

Howard contends that the district court's decision is reviewed de novo because statutory interpretation is required. The State responds that an abuse of discretion standard should instead be applied. We agree with Howard but for a different reason.

Howard correctly notes that this court has traditionally treated motions under K.S.A. 60-1507 in the same manner as it has treated motions to correct an illegal sentence. See *State v. Davis*, 271 Kan. 892, 894, 26 P.3d 681 (2001) ("In both cases, the district court is to make a preliminary examination to determine whether substantial questions of law or fact are raised, and, if the findings are in the negative, the court may summarily deny the motion."); see also *Hoge*, 283 Kan. at 224.

Accordingly, the K.S.A. 60-1507 case of *Bellamy v. State*, 285 Kan. 346, 172 P.3d 10 (2007), provides guidance on our standard

of review. There, the defendant argued that the Court of Appeals applied the wrong standard—abuse of discretion—in reviewing the district court's denial of his habeas corpus motion. 285 Kan. at 350. In clarifying that the de novo standard of review for 60-1507 motions is limited to those cases involving summary denial, the *Bellamy* court reasoned that in those circumstances deference need not be given to the district court's factual findings because appellate courts have the same access to the motion, records, and files as the district court. 285 Kan. at 350; see *State v. Laymon*, 280 Kan. 430, 437, 122 P.3d 326 (2005).

Because this court has treated K.S.A. 60-1507 motions in the same manner as it has treated motions to correct an illegal sentence, we conclude that whether a district court erred in summarily denying the latter is also reviewed de novo.

*Discussion*

Like the district court, we must determine whether Howard's motion, records, and files conclusively show that he is entitled to no relief. Howard argues that he has made a showing sufficient to avoid summary denial by demonstrating the existence of a substantial question of fact, *i.e.*, he received five different sentences in 2 days. The State responds that no substantial issues of law or fact have been presented and Howard is serving the sentences pronounced.

We have repeatedly held that K.S.A. 22-3504 only applies if a sentence is illegal. Whether a sentence is illegal is a question of law over which this court has unlimited review. *Hoge*, 283 Kan. at 225. An illegal sentence under the statute is one "imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or *a sentence which is ambiguous with respect to the time and manner in which it is to be served.*" (Emphasis added.) *State v. Deal*, 286 Kan. 528, Syl. ¶ 1, 186 P.3d 735 (2008).

Howard argues his sentence is illegal because it became ambiguous with respect to the time and manner in which it is to be served. Specifically, he claims ambiguity because the court pro-

nounced from the bench a sentence of life, plus 15 years to life; but the journal entry erroneously reported a sentence of life, plus 20 years to life, plus 15 years to life. Howard correctly observes that a journalized entry is merely a record of the sentence imposed, and that the actual sentencing occurs when the court pronounces the sentence from the bench. See *State v. Moses,* 227 Kan. 400, 402, 607 P.2d 477 (1980). In further support of his argument, he cites *State v. Royse,* 252 Kan. 394, 845 P.2d 44 (1993), and *State v. Zirkle,* 15 Kan. App. 2d 674, 814 P.2d 452 (1991).

The State counters that the trial judge may have misspoken, but the confusion was cleared up before the end of the proceeding. It also argues that the judge consistently indicated his intent to sentence Howard to life, plus 20 years to life, plus 15 years to life. It primarily relies upon *State v. Crawford,* 253 Kan. 629, 861 P.2d 791 (1993).

Of the cases cited by the parties or discovered during our independent research of Kansas law, *Crawford* is the most analogous to the instant case. There, the trial judge pronounced a sentence of 15 years to life on four counts, with three sentences to "run consecutively to the first." 253 Kan. at 647. He also pronounced a sentence of 15 years to life on four other counts, with all of those four sentences to run concurrently to the first. He stated, "I believe the net effect of the sentence in this case is to impose a sentence from 60 years to life. In effect, the defendant has received a sentence of from 15 years to life for the crimes involving each of the four victims." 253 Kan. at 648.

The State immediately sought clarification as to whether all (eight of) the 15-years-to-life sentences ran consecutively to each other. The trial judge answered, "No, the four of them are," clarifying that he intended to run four of the sentences consecutively to each other. He stated, "Well, my intention was to impose a sentence from 60 years to life." 253 Kan. at 648. The resultant journal entry was consistent with four consecutive sentences.

Defendant appealed, arguing that the trial judge had not issued a controlling sentence of 60 years to life. Rather, his oral pronouncement was actually less severe: the three sentences running

"consecutively to the first" sentence, but concurrently to each other, equate instead to 30 years to life.

The *Crawford* court acknowledged the general rule in *Moses*— that what the trial court said at sentencing in open court controls rather than what is written in the journal entry. It held, however, that application of the *Moses* rule did not resolve the question in the case. In language descriptive of the instant case, the *Crawford* court stated:

"Here, at the time of sentencing in open court, the district court judge *concluded his recitation of the numerous terms by stating that he believed that he had imposed a sentence of 60 years to life.* Here the discrepancy is between what the judge stated he *intended* to impose and what the judge [actually] *stated* when he articulated the terms and how they were to run in relation to each other." (Emphasis added.) 253 Kan. at 649.

The *Crawford* court held that the trial judge did not change his mind, vacate the sentence, and try to change the length. Rather, "[h]ere the judge *consistently intended to sentence Crawford to 60 years to life.* In articulating the terms, however, he either miscalculated or misspoke. However, upon inquiry by the State, he clarified that the four 15-years-to-life sentences were to run consecutively to each other." (Emphasis added.) 253 Kan. at 649.

The *Crawford* court also established that the actual sequence of the trial judge's statements was not critical to the imposition of sentence:

"The imposition of sentence included the statement by the district court judge that the four 15-years-to-life sentences will run consecutively to each other. The trial judge *is not required to make this determination in any particular sequence when imposing sentence. All that is required is that it be made at the time sentence is imposed.* That requirement was met here. The journal entry properly reflects the sentence imposed by the district court at the time of sentencing." (Emphasis added.) 253 Kan. at 649-50.

Similarly, here, the trial judge either miscalculated or misspoke, but essentially stated that he never intended to impose a sentence like Howard alleges: life, plus 15 years to life. When apprised of this characterization, the judge responded, "Well, it's not my intention to give [life] plus fifteen to life. It's my intention to give the same sentence today as I gave yesterday." Indeed, on his own

motion he had brought everyone back to "clear up" and to "restate" the sentence which he had "intended to give" the day before. As in *Crawford,* upon further inquiry by the parties about the exact sentences imposed, the trial judge eventually clarified them. Finally, at the conclusion of both sentencing hearings, the original one and the later one of clarification and reiteration, he pronounced the same sentence—life, plus 35 years to life—that was also reflected in the journal entry.

As for the cases that Howard cites, *Royse,* 252 Kan. 394, and *Zirkle,* 15 Kan. App. 2d 674, they are easily distinguishable from the instant case. They do not concern mere clarification and reiteration of sentences, but rather substantial changes to those originally imposed sentences.

In *Zirkle,* the trial court simply changed its mind after sentencing and then quickly imposed a harsher sentence. Indeed, the *Crawford* court distinguished its facts from *Zirkle*'s on this basis. 253 Kan. at 649. Specifically, the *Zirkle* trial judge sentenced defendant to a term of 1 to 5 years' imprisonment. Immediately after this imposition, the judge inquired as to the jail time defendant had already served. Upon learning defendant had already served 6 months, the judge vacated the sentence and ordered that the sentence be increased to 2 to 5 years. *Zirkle,* 15 Kan. App. 2d at 675. Citing *Moses* for the principle that a judgment is effective upon its pronouncement from the bench, the Court of Appeals held that the defendant was sentenced when the trial court announced the 1- to 5-year sentence. The sentence could not be increased. *Zirkle,* 15 Kan. App. 2d at 677-78.

Our holding in *Royse* is also readily distinguishable. There, the trial judge imposed maximum sentences of 15 years to life on two counts of second-degree murder, but failed to state whether the sentences were to run concurrently or consecutively. One week later, the judge brought the defendant back to court, acknowledged his prior negligence, and ordered that the sentences run consecutively. Citing *Moses* and *Zirkle,* the *Royse* court held for the defendant, ruling that the sentencing was complete when orally pronounced during the first court proceeding. It also cited K.S.A. 1991 Supp. 21-4608(1), which provides that whenever the record is si-

lent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently. 252 Kan. at 396. Consequently, the sentencing could not be increased 1 week later and "[t]he sentences must be served concurrently." 252 Kan. at 398.

In sum, the trial judge in the instant case merely clarified, and did not change his mind about, the sentences pronounced from the bench. Accordingly, "[t]he journal entry properly reflects the sentence imposed by the district court at the time of sentencing." *Crawford*, 253 Kan. at 650. As a result, there is no problem under *Moses*, and the sentences which Howard is serving are unambiguous and therefore are not illegal. This determination was correctly made by the 2007 district court from the motion, records, and files. As a result, that court did not err in summarily denying Howard's motion.

Affirmed.