NOT DESIGNATED FOR PUBLICATION

No. 113,568

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICHARD E. EASTMAN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; TERRY L. PULLMAN, judge. Opinion on remand filed January 18, 2019. Affirmed.

*Randall L. Hodgkinson*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., PIERRON and BRUNS, JJ.

PER CURIAM: Richard E. Eastman appeals the district court's order imposing lifetime postrelease supervision following his conviction of aggravated indecent solicitation of a child. The district court originally sentenced Eastman to 24 months' postrelease supervision, but the district court corrected the sentence and imposed lifetime postrelease supervision at Eastman's probation violation hearing after being informed by the State that this was the appropriate term under the statute. Our court affirmed the district court's judgment in an opinion filed September 8, 2017. *State v. Eastman*, No. 113,568, 2017 WL 3947376 (Kan. App. 2017) (unpublished opinion).

1

Eastman filed a petition for review. On December 17, 2018, the Kansas Supreme Court filed an order that summarily vacated the portion of our original decision finding the district court had jurisdiction to correct any illegality in Eastman's sentence at the probation violation hearing. Our Supreme Court remanded the case to our court for consideration in light of *State v. Roth*, 308 Kan. 970, 424 P.3d 529 (2018), and *State v. Sandoval*, 308 Kan. 960, 425 P.3d 365 (2018). After considering these recent decisions and applying them to our facts, we again uphold Eastman's sentence of lifetime postrelease supervision.

We begin by reciting the facts in our original opinion:

"On August 13, 2011, Eastman pled no contest to one count of aggravated indecent solicitation of a child, a severity level 5 person felony. In exchange, the State dismissed one count of aggravated criminal sodomy, an offgrid person felony, and agreed to community-based treatment if a sex offender evaluation recommended it.

"At sentencing on December 21, 2012, the district court sentenced Eastman to 55 months' imprisonment with 24 months' postrelease supervision, but the district court granted probation for 36 months to be supervised by community corrections. K.S.A. 2011 Supp. 22-3717(d)(1)(G) required a term of lifetime postrelease supervision for Eastman's conviction of aggravated indecent solicitation of a child. However, neither party pointed out to the district court that the sentence it imposed was illegal.

"After a string of violations, the State sought to revoke Eastman's probation. At a hearing on June 24, 2014, the district court revoked Eastman's probation but reduced the term of imprisonment from 55 months to 45 months:

'You have had periods of time where you haven't at least gotten into overt trouble, so I will reduce your sentence under K.S.A. 22-3716(b) down to 45 months but I will impose a prison sanction at this point in time.

'This was a presumptive prison case. As such, you will be on post-release supervision for 24 months.'

"As soon as the district court completed its ruling, the State pointed out that lifetime postrelease supervision was required by the applicable statute. Defense counsel

2

suggested that if the 24-month postrelease supervision term was illegal, the State should file a separate motion to correct the illegal sentence. However, based on the district attorney's statements, the district court ordered lifetime postrelease supervision. The journal entry for the hearing stated that the district court altered the length of postrelease supervision to correct the illegal sentence imposed at the original sentencing on December 21, 2012. Eastman timely filed a notice of appeal." 2017 WL 3947376, at *1.

In his original brief to our court, Eastman argued that the district court illegally modified his sentence by imposing lifetime postrelease supervision. Eastman argued that even if the postrelease supervision term imposed at the original sentencing was illegal, it was not illegal at the time of the probation violation hearing because (1) the district court exercised its statutory authority to impose a lawful lesser sentence upon revoking his probation, and (2) the 2013 amendments to the sentencing statute applied retroactively to his case and allowed the district court to impose 24 months' postrelease supervision.

In its initial brief, the State asserted that Eastman's original sentence was illegal and the district court acted appropriately to correct it. Although the State recognized that the district court had the authority to impose a lesser sentence upon revoking Eastman's probation, the State asserted that the district court chose not to exercise that power as to postrelease supervision. Finally, the State argued that Eastman's postrelease supervision term was governed by K.S.A. 2011 Supp. 22-3717(d)(1)(G) and later amendments to K.S.A. 22-3717(d) did not affect Eastman's case.

In our initial decision, we concluded that Eastman's 24-month postrelease supervision term constituted an illegal sentence that was never lawfully modified, so the district court had jurisdiction to correct the illegal sentence at the probation violation hearing. 2017 WL 3947376, at *4. We also concluded that on the date Eastman's crime was committed, K.S.A. 2011 Supp. 22-3717(d)(1)(G) required a sentence of lifetime postrelease supervision for a conviction of aggravated indecent solicitation of a child, and

3

the 2013 statutory amendments have not altered this result. 2017 WL 3947376, at *5. Thus, we affirmed the district court's judgment. 2017 WL 3947376, at *5.

After the Supreme Court's remand order, Eastman filed a motion for summary disposition. In the motion, Eastman argues that we should now summarily reverse the district court's sentencing order, citing *Roth* as controlling authority. Eastman again argues that even though his original postrelease supervision term was illegal, the district court lawfully modified the sentence at the probation violation hearing and imposed 24 months' postrelease supervision, so that sentence cannot later be changed. Eastman does not renew his argument about the 2013 amendments to the sentencing statute, and it appears that issue is beyond the scope of the Supreme Court's remand order.

The State has responded to Eastman's motion for summary disposition and argues that Eastman's case is factually distinguishable from *Roth*. The State points out that although the district court at first reimposed 24 months of postrelease supervision at Eastman's probation violation hearing, the court immediately corrected itself while the hearing was still in process and ordered lifetime postrelease supervision.

Resolution of Eastman's claims on appeal involve statutory interpretation. Interpretation of a sentencing statute is a question of law over which an appellate court exercises unlimited review. *State v. Nguyen*, 304 Kan. 420, 422, 372 P.3d 1142 (2016). Additionally, whether a sentence is illegal is a question of law subject to de novo review. *State v. Lee*, 304 Kan. 416, 417, 372 P.3d 415 (2016).

In his initial appeal to our court, Eastman relied on *State v. McKnight*, 292 Kan. 776, 257 P.3d 339 (2011), to support his claim that lifetime postrelease supervision constituted an illegal sentence. In that case, the district court originally sentenced McKnight to 30 months' imprisonment with 24 months' postrelease supervision after he pled no contest to possession of marijuana with intent to distribute. The district court

4

granted McKnight an 18-month probation term but later revoked it due to violations. At the probation violation hearing, the district court imposed a modified sentence of 22 months' imprisonment; but based on a misunderstanding of the applicable statute, the court eliminated the period of postrelease supervision. The State subsequently filed a motion to correct illegal sentence, which the district court granted, reimposing 24 months of postrelease supervision.

On appeal, McKnight argued that the district court imposed a lawful lesser sentence when it revoked his probation and because the sentence was effective upon pronouncement from the bench, the district court lacked jurisdiction to later increase the postrelease supervision term. Our Supreme Court agreed, reasoning that the district court imposed a lawful lesser sentence upon revoking McKnight's probation, even though the lesser postrelease supervision term was based on the district court's mistake. 292 Kan. at 783. Because the lesser sentence was effective upon pronouncement from the bench at the probation violation hearing, our Supreme Court held that the district court could not subsequently modify it. 292 Kan. at 783.

In our initial decision, we found that Eastman's reliance on *McKnight* was misplaced because the facts in *McKnight* are distinguishable from the facts herein. *Eastman*, 2017 WL 3947376, at *3. We noted that when the district court revoked Eastman's probation, it reduced his sentence from 55 months' imprisonment to 45 months. Although the district court at first stated that Eastman would be on postrelease supervision for 24 months consistent with his original illegal sentence, the district court immediately corrected the sentence, during the same hearing, when the district attorney pointed out that the applicable statute required lifetime postrelease supervision. 2017 WL 3947376, at *3. This court concluded:

> "To sum up, the district court was authorized to impose a lesser sentence upon
> revoking Eastman's probation. Had the district court imposed a lesser term of postrelease

5

supervision at Eastman's probation violation hearing than it originally imposed at sentencing, then the district court could not subsequently modify that sentence even if it imposed the lesser term by mistake. But here, at Eastman's probation violation hearing, the district court initially ordered Eastman to serve his original illegal sentence of 24 months' postrelease supervision. Upon being informed by the district attorney that the applicable statute required lifetime postrelease supervision, the district court immediately corrected itself and ordered lifetime postrelease supervision. Under these circumstances, it cannot be said that the district court imposed a lawful lesser sentence at the probation violation hearing, and Eastman is not entitled to any relief under *McKnight*. Because Eastman's 24-month postrelease supervision term constituted an illegal sentence and that sentence was never lawfully modified, the district court had jurisdiction to correct the illegal sentence at any time. See K.S.A. 22-3504(1); *Ballard*, 289 Kan. at 1010-12." 2017 WL 3947376, at *4.

As ordered by our Supreme Court, we will now consider our original decision in light of *Sandoval* and *Roth*. In *Sandoval*, the defendant pled guilty to aggravated indecent solicitation of a child. The district court sentenced the defendant to 34 months' imprisonment with 24 months' postrelease supervision and granted probation. The applicable statute required lifetime postrelease supervision for the defendant's crime of conviction. The district court later revoked the defendant's probation and ordered him to serve his original sentence, including the illegal term of postrelease supervision. In doing so, the district court stated: "'I'm not going to modify sentence for someone who won't follow the basic terms and conditions of a probation that I give.'" 308 Kan. at 961. The State later moved to correct the illegal sentence of postrelease supervision, which the district court granted.

On review, our Supreme Court found that the district court specifically rejected a sentence modification at the probation violation hearing and reinstated the original illegal sentence, so the district court could correct the illegal sentence and impose lifetime postrelease supervision. 308 Kan. at 965. The court held:

6

"[A]fter revoking a criminal defendant's probation, a district judge may choose to sentence anew, even if some component of the original sentence was illegal because it failed to match a mandatory statutory minimum. In the alternative, a judge may simply require the defendant to serve the original sentence. If a new sentence is pronounced from the bench after probation revocation, any original illegality no longer exists, and the new sentence is not subject to challenge or correction under K.S.A. 22-3504. If the judge instead requires the defendant to serve the original sentence, any original illegality continues to exist and is subject to challenge or correction under K.S.A. 22-3504." 308 Kan. at 960.

In *Roth*, the defendant was convicted of aggravated sexual battery and two counts of aggravated burglary. The district court imposed a controlling sentence of 102 months' imprisonment, including 24 months' postrelease supervision, and placed the defendant on probation. As in *Sandoval*, the applicable statute required lifetime postrelease supervision. The district court later revoked the defendant's probation and modified the sentence by running some counts concurrently instead of consecutively. The district judge then said he would impose "'the mandated 24-month postrelease supervision period.'" 308 Kan. at 971. Four years later, the State later moved to correct an illegal sentence, which the district court granted by imposing lifetime postrelease supervision.

On review, our Supreme Court reversed and remanded with directions for the district court to impose 24 months' postrelease supervision. 308 Kan. at 972. The *Roth* court reasoned that the district court modified the defendant's sentence at the probation violation hearing and sentenced the defendant anew. In that situation, the 24-month postrelease supervision term became a lawful sentence that could not later be modified by the district court. As the court stated: "Although the postrelease term pronounced after revocation mimicked the original term, Roth's imprisonment terms were made concurrent rather than consecutive. He was thus sentenced anew after revocation." 308 Kan. at 972.

7

Returning to our facts, we conclude that *Sandoval* and *Roth* do not change the outcome of Eastman's case, although these decisions cause us to modify our reasoning. Eastman's case is more like *Roth* than *Sandoval* because the district court sentenced Eastman anew and imposed a modified sentence at the probation violation hearing. The district court originally sentenced Eastman to 55 months' imprisonment with 24 months' postrelease supervision. At the probation violation hearing, the district court reduced the term of imprisonment from 55 months to 45 months. Although the district court at first reimposed 24 months of postrelease supervision, the court immediately corrected itself while the hearing was still in process and ordered lifetime postrelease supervision. This was the lawful term of postrelease supervision under K.S.A. 2011 Supp. 22-3717(d)(1)(G) for Eastman's conviction of aggravated indecent solicitation of a child.

Had the district court imposed a modified sentence of 45 months' imprisonment with 24 months' postrelease supervision at Eastman's probation violation hearing, then *Roth* teaches us that such a sentence would have become a lawful lesser sentence that could not be modified with a later motion. But that is not what happened here. Right after the district court announced 24 months' postrelease supervision at Eastman's probation violation hearing, the district court corrected itself while the hearing was still in process and ordered lifetime postrelease supervision. To the extent this sentence amounted to an increase in the postrelease supervision term, the district court had jurisdiction to make the correction because a court can correct an illegal sentence at any time. K.S.A. 22-3504(1); *State v. Ballard*, 289 Kan. 1000, 1012, 218 P.3d 432 (2009).

Generally, the judgment and sentence in a criminal case are effective upon pronouncement from the bench, although a sentence can be orally pronounced from the bench and then corrected at the same hearing. *State v. Howard*, 287 Kan. 686, 692, 198 P.3d 146 (2008). In *Howard*, the defendant was convicted of aggravated kidnapping, two counts of rape, and six counts of aggravated criminal sodomy. At sentencing, the district court at first imposed a sentence of life, plus 10 years to life. The State interrupted,

8

pointing out that this sentence was illegal because the minimum sentence for aggravated criminal sodomy was 15 years, not 10. The court corrected the sentence to life, plus 15 years to life. The defendant later filed a motion to correct illegal sentence which the district court summarily denied. On appeal, our Supreme Court upheld the sentence, finding that a sentence can be orally pronounced from the bench and then corrected at the same hearing to reflect the district court's intent before being properly journalized. 287 Kan. at 692-94. See *State v. Garcia*, 288 Kan. 761, 766, 207 P.3d 251 (2009); *State v. Crawford*, 253 Kan. 629, 649, 861 P.2d 791 (1993).

That is exactly what happened at Eastman's probation violation hearing with respect to his postrelease supervision term. The moment the district court announced Eastman's sentence, including the 24 months' postrelease supervision term, the prosecutor stood and said: "Your Honor, I'm checking on something here. And I realize that the post-release was 24 months, originally, but I believe that's a lifetime post-release offense requirement." After a brief discussion with counsel, the district court stated: "Well, on the representation of the District Attorney, if it is a lifetime post-release I'll order a lifetime post-release." The journal entry conformed to the district court's oral pronouncement at the hearing and stated: "Court corrects the illegal sentence imposed on 12/21/12 by changing the postrelease supervision term from 24 months, to Lifetime Postrelease."

Our court reached a different result under different facts in *State v. Zirkle*, 15 Kan. App. 2d 674, 814 P.2d 452 (1991). In that case, the defendant was convicted of burglary and initially received a suspended sentence. At a probation violation hearing, the district court at first sentenced the defendant to one to five years' imprisonment. But after pronouncing that sentence, during the same hearing, the court learned that the defendant had six months of jail credit, so the court "vacated" the one to five years' sentence and imposed a sentence of two to five years' imprisonment. 15 Kan. App. 2d at 675. The *Zirkle* court held that under these facts, the defendant "was sentenced when the court

9

announced the one- to five-year sentence from the bench." 15 Kan. App. 2d at 677. Based on the general rule that a sentence is effective when pronounced from the bench, this court remanded with directions to reinstate the one to five years' sentence. 15 Kan. App. 2d at 678.

Eastman's case is much more like *Howard* than *Zirkle*. In *Zirkle*, after the district court learned that the defendant had six months of jail credit, the court decided that a one to five years' sentence was not long enough, so it vacated that sentence and imposed a sentence of two to five years' imprisonment. The district court clearly changed its mind about the original legal sentence it had imposed and decided to impose a longer one. In *Howard*, the district court announced a sentence from the bench but then immediately corrected the term to comply with the applicable statute, making it clear that was the court's intent all along. That is what happened in Eastman's case with respect to the postrelease supervision term. It is clear from the record that the district court's intent in Eastman's case was to impose the postrelease term authorized by statute, and when the court learned that the statute required lifetime postrelease supervision, it ordered the appropriate term.

In his motion for summary disposition, Eastman argues that "[t]his case is exactly like *Roth* and the result should be the same as *Roth*." But Eastman's case is not exactly like *Roth*. We reject Eastman's argument that once the district court stated a 24-month postrelease supervision term at the probation violation hearing, the court could not correct the term to comply with the statute and the court's intent while the hearing was still in process. Such a result is contrary to the holding in *Howard*. So Eastman's postrelease supervision term was never lawfully modified to 24 months at the probation violation hearing, distinguishing his case from *Roth*.

To sum up, the district court originally sentenced Eastman to 55 months' imprisonment with 24 months' postrelease supervision. At his probation violation

10

hearing, the district court sentenced Eastman anew and imposed a lawful modified sentence of 45 months' imprisonment with lifetime postrelease supervision. The district court had jurisdiction to correct any illegality in Eastman's sentence at the probation violation hearing. Under these facts and circumstances, we conclude the district court did not err by ordering lifetime postrelease supervision.

Affirmed.