NOT DESIGNATED FOR PUBLICATION

No. 128,374

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARIA JO BOYD,
*Appellant.*

MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Submitted without oral argument. Opinion filed December 19, 2025. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Andrew J. Lohmann*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before GARDNER, P.J., HILL and JOAN LOWDON, District Judge, assigned.

PER CURIAM:  Maria Jo Boyd appeals her sentence, arguing the district court illegally modified the length of her sentence after it pronounced her sentence. Finding no factual support for this claim, we affirm Boyd's sentence.

1

Boyd pleaded no contest to two counts of distributing methamphetamine. Boyd's criminal history score was C, so her presumptive disposition was prison, for a term of 117, 123, or 130 months.

At her sentencing, Boyd requested a dispositional and durational departure. The State opposed that motion but in accordance with the terms of a plea agreement recommended a durational departure to a 72-month prison term. The district court then sentenced her to terms of 72 months on count one and 49 months' imprisonment on count two to run concurrently, then granted Boyd 36-months' probation.

The State later moved to revoke Boyd's probation, alleging that during a traffic stop, officers discovered that Boyd was using a stolen vehicle tag, and they found methamphetamine, marijuana, and drug paraphernalia. Boyd admitted using methamphetamine. She had also failed to report to her probation officer, to obtain full-time employment, to pay fines and fees, and to abide by her curfew.

After a probation revocation hearing, the district court found that Boyd had not been successful on probation, so it revoked Boyd's probation and ordered her to serve her "underlying sentence," which the district court stated was 49 months' imprisonment. As the following excerpt from the hearing transcript shows, right after the district court stated that the hearing was ending, the prosecutor interjected to point out that Boyd had been sentenced to 72 months:

> "[THE COURT:] Therefore, I am ordering that [your probation] is
> revoked and you are remanded to the Department of Corrections to serve
> your underlying sentence of 49 months.
>     "That will be all for today.

> "[PROSECUTOR]: It would be 72 months, Your Honor.
>
> "THE COURT: Oh. Was it 72?
>
> "[PROSECUTOR]: I'm sorry. 49 was on the sentence for the second conviction, and they were concurrent.
>
> "[THE COURT]: I'm sorry. 72 months, yes. 72 months on Count One, 49 months on Count Two. They will run concurrent."

The district court's journal entry from the revocation reflected that the court had imposed Boyd's underlying 72-month prison sentence.

Boyd timely appeals.

## IS BOYD'S SENTENCE ILLEGAL?

Boyd argues that her sentence is illegal because the district court had no authority to modify her sentence once the court pronounced it. She claims that at the probation violation hearing, the district court remanded her to serve 49 months in prison and then ended the proceedings by saying, "That will be all for today." Thus, the district court committed legal error by modifying her sentence at the prosecutor's request.

Boyd acknowledges that she did not make this argument in the district court. But we may consider an illegal sentence argument for the first time on appeal and will do so here. See *State v. Sartin*, 310 Kan. 367, Syl. ¶ 2, 446 P.3d 1068 (2019) ("[A]n appellate court has the authority to consider an illegal sentence issue raised for the first time on appeal."). Our review of the legality of Boyd's sentence is de novo. *State v. Cook*, 319 Kan. 777, 779, 560 P.3d 1188 (2024).

Boyd is correct that the district court is generally precluded from modifying a sentence once the sentence is pronounced. "'A sentence is effective when pronounced from the bench.'" *State v. Weekes*, 308 Kan. 1245, 1249, 427 P.3d 861 (2018). Thus once

3

the district court pronounces a legal sentence, it generally loses jurisdiction to modify that sentence except to correct mathematical or clerical errors. *State v. Johnson*, 309 Kan. 992, 996, 441 P.3d 1036 (2019). But we are not convinced that the facts here violate this rule.

We are unpersuaded by Boyd's argument that the hearing ended the moment the district court stated, "That will be all for today," because the district court immediately took up the prosecutor's suggestion that it had misstated the facts regarding Boyd's sentence. The hearing transcript is time-stamped and reflects that the prosecutor's interjection was made within mere seconds of the district court's misstatement. This type of pause does not readily suggest to the parties that the court cannot or should not address final concerns.

Boyd does not refer us to any case with a sufficiently similar set of facts to support her request for relief from her 72-month sentence. She cites *State v. Zirkle*, 15 Kan. App. 2d 674, 814 P.2d 452 (1991). But that case is readily distinguishable. In *Zirkle*, the district court pronounced the defendant's sentence from the bench. And once finished, the district court asked the defendant how much jail time credit he had accrued over the pendency of the case. When the defendant relayed to the district court that he had been in custody for about six months, the district court immediately decided to change the sentence. The district court announced that it was "going to vacate [the] sentence" and ordered the defendant to serve a longer prison term than previously imposed. 15 Kan. App. 2d at 675.

This court reversed, finding the sentence was final when it was pronounced, no additional act was necessary for the pronouncement to be effective, and the defendant knew in that moment that he had been sentenced. 15 Kan. App. 2d at 677. The panel also hinted that the judge's language showed an attempt to circumvent legal rules that preclude

modification of a final sentence: "The district court clearly understood this rule as well; otherwise, it would not have 'vacated' the sentence imposed." 15 Kan. App. 2d at 677.

In contrast, our record does not suggest that the district court was looking for a way to harshen Boyd's punishment or to intentionally modify a final sentence. And given the short amount of time that it took the district court to realize its error, it was less likely here than in *Zirkle* that the district court's initial ruling caused any reasonable belief that everything had been resolved. In other words, Boyd, who knew she had originally been sentenced to 72 months in prison, had no chance to experience the finality that this panel discussed in *Zirkle*. Rather, Boyd either knew or should have known that the district court had misstated the length of her sentence.

Boyd also relies on *Abasolo v. State*, 284 Kan. 299, 160 P.3d 471 (2007). Abasolo, like Boyd, was initially sentenced to a term in prison but was granted probation. The district court later revoked the defendant's probation and ordered Abasolo to serve her underlying sentence. She had initially been sentenced to 52 months' imprisonment, but the district court mistakenly pronounced a term of 36 months. The court then ended the hearing without being corrected. Apparently realizing its mistake only after the hearing, the district court's written order stated that the defendant had received a 52-month sentence. 284 Kan. at 302.

Our Supreme Court held that the Court of Appeals correctly reversed that sentence, noting the district court had pronounced the 36-month sentence with no indication that a mistake had been made, making clear to the defendant that 36 months was the sentence that she would actually serve. *Abasolo*, 284 Kan. at 308, 310.

But here, the district court clearly stated its intent to impose Boyd's "underlying sentence," meaning the 72-month term previously imposed. It would be unreasonable to reverse the district court under these circumstances, when the record shows no evidence

5

of intent to lengthen a sentence, the district court immediately corrected the error when the State swiftly brought the misstatement to its attention, and all parties understood that the "underlying sentence" was 72 and not 49 months.

We thus conclude that the district court did not impose an illegal sentence by ordering Boyd to serve her original sentence of 72 months.

Affirmed.