NOT DESIGNATED FOR PUBLICATION

No. 128,031

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GABRIEL SANCHEZ JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Submitted without oral argument. Opinion filed March 13, 2026. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Andrew R. Davidson*, deputy district attorney, *Thomas Stanton*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before PICKERING, P.J., CLINE, J., and CAREY L. HIPP, District Judge, assigned.

PER CURIAM: Gabriel Sanchez Jr. appeals from the district court's revocation of his probation and imposition of his underlying prison sentences, claiming the State presented insufficient evidence to establish a probation violation and the district court modified his sentence when it corrected its misstatement of good time credit. Finding no error, we affirm.

1

While serving a prison sentence in February 2022, Sanchez stole a prison van and attempted to escape from custody. In case number 2022CR330, the State charged Sanchez with aggravated escape from custody, a severity level 5 nonperson felony, and theft, a severity level 9 nonperson felony.

In June 2022, the Reno County Jail received reports that Sanchez possessed contraband. After searching his cell, deputies found two pills that tested positive for acetaminophen. Sanchez was not authorized to possess the pills. Stemming from this incident, in case number 23CR225, the State charged Sanchez with traffic in contraband in a correctional facility.

During plea negotiations, the State and Sanchez agreed to consolidate the two cases. Sanchez agreed to plead guilty to two felonies: aggravated escape from custody and traffic in contraband in a correctional facility. In exchange for his guilty plea, the State dismissed the remaining counts and agreed to recommend concurrent sentences.

At sentencing, Sanchez moved for a departure. In his motion, Sanchez argued that he should be granted a dispositional departure because he admitted guilt, the Department of Corrections sanctioned him for his actions, he completed in-patient treatment for his substance abuse problems, and he was accepted into an Oxford House if he was granted probation.

The district court granted Sanchez' motion. The court imposed a prison sentence of 130 months for the aggravated escape charge and 18 months for the traffic in contraband, with the sentences to run concurrent, but then ordered the sentences to be suspended and granted 36 months of supervised probation.

In December 2023, the State moved to revoke Sanchez' probation based on allegations that he had recently tested positive for alcohol and that he had committed new crimes, which included criminal possession of a firearm, criminal restraint, criminal damage to property, and operating a motor vehicle without a valid driver's license. The following June, the district court held a combined preliminary hearing on the new criminal charges and a probation violation hearing. The State presented evidence that Sanchez committed new crimes and violated his probation.

At the hearing, the State called Billie Jo Loya, Sanchez' girlfriend during the alleged probation violations. Loya testified that in December 2023, she and Sanchez had a couple of drinks of peach whiskey. Later in the evening, she and Sanchez began arguing and Sanchez threw a glass and broke a television. The State asked Loya if Sanchez tried to restrain her, and Loya answered no. The State questioned Loya about a firearm being present in the residence. Loya could not recall the presence of the firearm, although she remembered the police finding the firearm.

Next, the State called Hutchinson Police Officer Kollin Goering, who responded to a call from Samantha McCallister, Loya's friend, about an incident involving Loya and Sanchez. Goering testified that Loya told him about an argument between her and Sanchez, which led to Sanchez breaking the television. Goering also testified that Loya told him Sanchez left and returned with a firearm and placed the firearm under some floorboards at the residence. When Goering pulled up the floorboards, he found "a black Eagle Arms .223 caliber rifle."

On cross-examination, Sanchez asked Goering if he ran the registration of the firearm and tested for fingerprints, and Goering could not recall. Goering did not see Sanchez in physical possession of or handling the firearm.

3

At the close of evidence, the State dismissed its charge of criminal restraint but asked the district court to bind the defendant over for criminal possession of a firearm and criminal damage to property. The State also asked the court find that Sanchez violated his probation based on Loya's allegation that Sanchez drank alcohol.

Sanchez argued the evidence was insufficient to find a probation violation:

"I am arguing to the Court that to the preponderance of the evidence the State has not met its burden for the criminal possession of a firearm. I understand the Court may be compelled to bind over on this charge as far as the preliminary hearing goes, but as far as the probation violation, I do not believe the State has met its burden. And I don't want to get the cart before the horse here, Your Honor, but if you do make the finding he's in violation I ask we set the disposition over to track with this new case also."

The district court responded to Sanchez' request to set over disposition:

"I'm willing to do that, set the disposition over but I do think the State has satisfied the burden required to bind Mr. Sanchez over on Count I, 23 CR 300114 and the higher burden to show that probation should be revoked in 22 CR 330. I will set disposition to track with this case."

At Sanchez' July 2024 probation violation hearing, the State advised that it had dismissed the charges for criminal possession of a firearm, criminal restraint, and criminal damage to property. The State also dismissed the criminal possession of a firearm charge because it did not receive testing from the Kansas Bureau of Investigation. The State asked the district court to revoke Sanchez' probation based on:  "[T]he witness testified that Mr. Sanchez did break some property of hers. I think it was a TV and [he] was drinking alcohol that day, which would both be violations of his probation. . . ."

4

After hearing argument from defense counsel, the district court found:

"Mr. Sanchez's criminal history [is] A. I departed to grant probation and I find the State's request to order the sentence executed to be reasonable. That's also the recommendation of the [Intensive Supervision Officer]. The continued aggression and tendency to resort to violence is a huge concern to the Court. So whatever time you served will count on this sentence, Mr. Sanchez, but you're going to have to serve it, and you're entitle[d] to earn up to 20-percent good-time credit."

The district court revoked Sanchez' probation and imposed the underlying prison sentences. On good time credit, the district court stated Sanchez was entitled to 20 percent, but defense counsel corrected the district court to 15 percent. The district court fixed its mistake and stated, "Thank you for that correction. Fifteen percent good-time credit."

Sanchez now appeals.

ANALYSIS

*The State Proved by a Preponderance of the Evidence Sanchez Violated the Terms of His Probation*

*Standard of Review*

Once a probation violation is established, a district court has discretion to revoke probation and impose the original sentence unless the court is otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). But "[a] district court has no 'discretion in a probation revocation proceeding until the evidence establishes a probation condition violation.'" *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). The State must establish that the probationer violated the terms of probation by a

5

preponderance of the evidence—that the violation "'is more probably true than not true.'" 52 Kan. App. 2d at 782.

Appellate courts "review the district court's factual finding that a violation occurred for substantial competent evidence." *State v. Lyon*, 58 Kan. App. 2d 474, 478, 471 P.3d 716 (2020). "'Substantial competent evidence is "such legal and relevant evidence as a reasonable person might accept as being sufficient to support a conclusion."' In evaluating the sufficiency of the evidence, an appellate court does not weigh witness credibility. [Citations omitted.]" *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021).

*Discussion*

Sanchez argues that the district court "appeared to have revoked [Sanchez'] probation based on a single probation violation finding . . . that [Sanchez] had committed a criminal possession of a firearm offense." Sanchez claims that the district court did not revoke based on the allegations of criminal damage to property because the testimony did not establish that Sanchez "knowingly" broke the television.

Finally, Sanchez contends that the district court could not have revoked based on the allegations of consumption of alcohol because the State's motion alleged a failed alcohol test in October 2023, and, at the evidentiary hearing, the State only provided evidence of witness testimony in December 2023 that Sanchez consumed alcohol. Sanchez alleges the district court could not rely on alcohol consumption in December as a matter of due process because it was not formally alleged in the State's probation revocation motion.

The State claims that the district court had ample evidence to revoke Sanchez' probation based on Loya's and Goering's testimony. The State alleges that the district

6

court could have revoked based on the possession of a firearm or the criminal damage to property evidence.

A district court has the duty to provide adequate findings of fact and conclusions of law on the record to explain the court's decision on contested matters. K.S.A. 2024 Supp. 60-252(a)(1); Supreme Court Rule 165(a) (2026 Kan. S. Ct. R. at 232). Generally, the defendant bears the responsibility to object to inadequate findings of fact and conclusions of law to give the district court an opportunity to correct any alleged inadequacies. *State v. Ballou*, 310 Kan. 591, 612, 448 P.3d 479 (2019). When no objection is made to a district court's findings of fact or conclusions of law, "an appellate court can presume the district court found all facts necessary to support its judgment." *State v. Sanders*, 310 Kan. 279, 290, 445 P.3d 1144 (2019).

At Sanchez' probation violation hearing, the State asked the district court to find Sanchez violated his probation based on the criminal possession of a firearm and criminal damage to property. The district court found that the State had met its "higher burden to show that probation should be revoked in 22 CR 330." Although the State later did not pursue the allegation of possession of a firearm, the district court did find that the testimonial evidence supported that Sanchez committed criminal damage to property by a preponderance of evidence. Sanchez did not object to these findings as inadequate. We presume the district court found all the facts necessary to support Sanchez violated his probation when he committed criminal damage to property. See 310 Kan. at 290.

Sanchez is correct that due process requires written allegations of probation violations. See K.S.A. 22-3716(b)(1); *State v. Jones*, No. 116,847, 2017 WL 5907974, at *3 (Kan. App. 2017) (unpublished opinion). And the State did not allege in its motion to revoke that Sanchez consumed alcohol in December. But the State proved by a preponderance of the evidence that Sanchez committed criminal damage to property, and

7

the district court revoked Sanchez' probation based on this allegation. Thus, Sanchez' due process rights were not violated.

We do not reweigh the evidence. *Smith*, 312 Kan. at 887. The district court had substantial competent evidence that Sanchez committed criminal damage to property, and the district court did not err in finding that Sanchez violated his probation.

*The District Court Did Not Modify Sanchez' Sentence; Rather, It Corrected a Misstatement*

*Standard of Review*

Whether a sentence is illegal is a question of law over which appellate courts exercise unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024).

*Discussion*

Sanchez claims the district court's good time credit change from 20 percent to 15 percent at sentencing was an illegal modification of his sentence and needs to be corrected through a nunc pro tunc order.

The State contends the district court did not have the authority to modify the good time credit to 20 percent and, even if it did, the State argues Sanchez "should be estopped from making any further argument under the invited error doctrine" because he corrected the district court.

The invited error doctrine does not apply when correcting an illegal sentence. "An illegal sentence may be corrected regardless of whether one or more parties may have had

a hand in arriving at the illegality." *State v. Lehman*, 308 Kan. 1089, 1093, 427 P.3d 840 (2018).

Sanchez is correct that a district court is generally precluded from modifying or changing a sentence once it pronounces the sentence from the bench. "'A sentence is effective when pronounced from the bench. . . . Once sentence is pronounced and judgment entered, the district court loses jurisdiction over a criminal case except to correct arithmetic or clerical errors.' [Citations omitted.]" *State v. Weekes*, 308 Kan. 1245, 1249, 427 P.3d 861 (2018). A district court, however, may correct or clarify "a sentence at the same hearing after misspeaking or miscalculating." *State v. D.W.*, 318 Kan. 575, 581, 545 P.3d 26 (2024).

Another panel of this court vacated and remanded an illegal sentence in *State v. Zirkle*, 15 Kan. App. 2d 674, 676, 678, 814 P.2d 452 (1991). There, the district court pronounced the sentence from the bench. After hearing how much jail time credit the defendant had, the district court vacated and increased Zirkle's sentence. The *Zirkle* panel found that a district court cannot vacate a sentence to impose a harsher sentence. 15 Kan. App. 2d at 678.

In *State v. Boyd*, No. 128,374, 2025 WL 3687785, at *1 (Kan. App. 2025) (unpublished opinion), *petition for rev. filed* January 18, 2026, the district court pronounced that it was imposing Boyd's "'underlying sentence of 49 months,'" then the State corrected the district court that the underlying sentence was 72 months. After the correction, the district court imposed the underlying sentence of 72 months. The *Boyd* panel held a district court did not modify a sentence when it immediately corrected a misstatement brought to its attention. 2025 WL 3687785, at *3.

Unlike *Zirkle*, the record here does not suggest or show that the district court was attempting to harshen or intentionally modify Sanchez' sentence. Instead, this case

resembles *Boyd*. The district court appears to have misspoken when it initially gave Sanchez a 20 percent good time credit allowance. After defense counsel corrected the district court, the district court stated, "Thank you for that correction, Fifteen percent good time credit." The district court did not impose an illegal sentence when it corrected the good time allowance.

The State argues a district court does not have authority to modify good time credits because K.S.A. 21-6821 limits the amount of good time credits awarded based on the level of offense. Sanchez responds that, under *State v. Roth*, 308 Kan. 970, 971-72, 424 P.3d 529 (2018), a district court may reduce mandatory aspects of a defendant's sentence when imposing disposition for a revocation of probation.

There, Roth was granted probation after being sentenced to a total of 102 months in prison for three convictions. The district court initially imposed an illegal sentence when it ordered 24 months' postrelease supervision rather than the mandatory lifetime postrelease supervision. At the probation revocation hearing, Roth's probation was revoked, and the district court modified the sentences to run concurrent, rather than consecutive as originally ordered, and mandated 24 months' postrelease supervision. The *Roth* court held that, although the original sentence was illegal, a district court may impose a new sentence at probation revocation, as K.S.A. 22-3716(b) allows for any "'lesser' sentence." 308 Kan. at 972.

*Roth* is not persuasive because the district court here did not impose a lesser sentence; it imposed the "sentence that was already determined and was ordered back in September of 2023." The district court misspoke when noting Sanchez' good time credit and corrected its mistake. Sanchez' sentence is not illegal, and a nunc pro tunc journal entry is unnecessary.

Affirmed.