No. 42,643

GEORGE BOWERS, *Appellant*, v. TRACY A. HAND, Warden, Kansas State Penitentiary, Lansing, Kansas, *Appellee*.

(373 P. 2d 189)

Opinion filed July 7, 1962.

The appellant was on the brief *pro se*.

*Park McGee*, assistant attorney general, argued the cause, and *William M. Ferguson*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal in a habeas corpus case.

On March 28, 1953, petitioner George Bowers (appellant) was sentenced from Allen county to a term of five to ten years in the Kansas State Penitentiary and was booked at that institution under No. 11296. On August 13, 1956, the petitioner was granted a parole. While on parole he was declared delinquent, and on July 5, 1957, was charged with three separate burglaries and grand larcenies alleged to have been committed June 11, 17, and 24, 1957. Petitioner entered a plea of guilty in the district court of Bourbon county to each of the charges. On July 10, 1957, the Bourbon

county court sentenced petitioner to three terms of five to ten years in the Kansas State Penitentiary on the burglary counts and three terms not to exceed five years for the crimes of grand larceny, all as charged in the information, the sentences to run concurrently.

On July 12 petitioner was returned to the Kansas State Penitentiary where he was rebooked under his former number, 11296, to complete his unexpired Allen county sentence. The Allen county sentence expired on May 5, 1960, at which time petitioner was released from custody by the Board of Probation and Parole and given a certificate of discharge which reads, in pertinent part, as follows:

"The Board of Probation and Parole, by authority of Chapter 331, Laws of 1957 of the State of Kansas, does hereby grant to Alfred George Bowers, #11296, Kansas State Penitentiary a full and complete discharge from sentence and from parole effective May 5, 1960."

At the time of the action by the Board of Probation and Parole the record pertaining to the Bourbon county trial and sentences was missing and unavailable. Upon discovery of the missing record, petitioner returned to the penitentiary, and on June 10, 1960, was booked under No. 14842 on the Bourbon county sentences.

It is petitioner's contention that his present custody is illegal because the discharge granted him on May 5 operated to terminate his confinement under all sentences.

It is the state's contention the discharge granted May 5 was applicable only to the Allen county sentence, inasmuch as petitioner had been serving no other sentence until that time.

It clearly appears from the very language of the certificate of discharge that it referred only to the Allen county sentence that had expired the day the discharge was to become effective. The certificate makes specific reference only to No. 11296 under which petitioner had been booked for the commission of the Allen county offense. The Bourbon county sentences are not mentioned. It is obvious that the certificate of discharge had no reference to the Bourbon county sentences.

Even assuming that the Board of Probation and Parole had attempted to discharge petitioner from the Bourbon county sentences, which we do not find to be the case, there is little doubt that the board's action would be without authority, and, therefore, void. The authority of the board is determined by statute. G. S. 1961 Supp., 62-2252, provides that the board shall have power only to discharge a prisoner who has served his term of imprisonment as

provided by law. Moreover, if we were to construe the certificate of discharge as an attempt on the part of the Board of Probation and Parole to parole the petitioner, then this, too, would be without authority, and void, as G. S. 1961 Supp., 62-2245, provides that the board shall have no power to parole any prisoner before the minimum term of his sentence has been served, less credit for work and good behavior, as specified in the act. There is nothing in this record to indicate that the petitioner has served such minimum time on the Bourbon county sentences.

It is evident that the petitioner is not entitled to his release on any contention made by him, and the writ was properly denied. Therefore, the judgment of the trial court is affirmed.