No. 64,612

DANIEL L. PARKER, *Petitioner*, v. STATE OF KANSAS, *Respondent.*

(795 P.2d 68)

Opinion filed July 13, 1990.

*John E. Cowles,* of McDonald, Tinker, Skaer, Quinn & Herrington, P.A., of Wichita, argued the cause and was on the brief for petitioner.

*Charles E. Simmons,* chief legal counsel, Department of Corrections, argued the cause and was on the brief for respondent.

The opinion of the court was delivered by

HERD, J.: This is an original habeas corpus action. Daniel L. Parker filed a petition for a writ of habeas corpus on December 22, 1989, seeking release from confinement. Subsequent to filing the petition, Parker was reparoled and released from confinement, whereupon the State filed a motion for dismissal on the basis of mootness. Parker contends the issue is not moot because he was denied due process by an illegal parole revocation hearing and is therefore entitled to his original parole terms. We ordered the parties to file briefs.

The facts from which this action stems are quite complicated. On November 4, 1988, Parker was paroled from the Kansas State Industrial Reformatory. While on parole, Parker was arrested and charged with the commission of two felonies; he was released on bond July 19, 1989. On the same day, Parker's parole officer issued an arrest and detain order for him and submitted a parole violation report to the assistant parole services administrator based on the new felony charges. Parker was arrested on the order and confined to the Sedgwick County Jail on August 7, 1989. In September 1989, he was convicted of felony criminal damage to property and misdemeanor battery in the new case and incarcerated on October 9, 1989, for a controlling term of one to two years. On December 13, 1989, Parker was granted probation in the new case but remained incarcerated under the arrest and detain order. Based upon his felony conviction in September 1989, Parker's parole officer issued a second arrest and detain order on December 15, 1989, and the Secretary of Corrections issued a warrant on December 21, 1989, charging him with parole violations. Finally, on February 5, 1990, a parole revocation hearing was held at which the parole board revoked Parker's parole and ordered reparole pursuant to an approved plan. On March 8, 1990, Parker was released from confinement on parole.

Parker contends the issue raised by his habeas corpus petition is not moot because significant restraints on his liberty followed the denial of due process in the course of his parole revocation proceedings.

Parker argues he was denied due process by the unjustifiable delay in his parole revocation hearing. In *Morrissey v. Brewer,* 408 U.S. 471, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972), the

United States Supreme Court held that parolee liberty is valuable and within the protection of the Fourteenth Amendment, thereby requiring some procedural guarantees prior to revocation. 408 U.S. at 482. The Court ruled that a revocation hearing must be held within a reasonable time after the parolee is taken into custody and found that a two-month delay was not unreasonable. 408 U.S. at 488.

Habeas corpus relief is available, however, where the petitioner establishes that the delay in holding a revocation hearing is unreasonable and prejudicial. *Sutherland v. McCall,* 709 F.2d 730, 732 (D.C. Cir. 1983); *Carlton v. Keohane,* 691 F.2d 992, 993 (11th Cir. 1982); *Goodman v. Keohane,* 663 F.2d 1044, 1046 (11th Cir. 1981), *reh. denied* 668 F.2d 536 (11th Cir. 1982). Thus, a 33-month delay between the arrest and revocation hearing of a parolee was not a constitutional violation where the parolee failed to show prejudice, because he was under custody on other criminal sentences during the delay period. *Sutherland v. McCall,* 709 F.2d at 732-33.

In the present case, Parker was arrested and taken into custody on August 7, 1989. His revocation hearing was not held until seven months later on February 5, 1990. From October 1989 to December 1989, however, Parker was incarcerated on the basis of his second felony case; thus, he was not prejudiced by delay during this time period. Therefore, we calculate that Parker was held in custody without a parole revocation hearing for a total of three and one-half months. We do not find such delay unreasonable or prejudicial in this case.

The only remedy for an unconstitutional delay in a parole revocation hearing is to quash the parole violation warrant and dismiss the parole violation charges. 59 Am. Jur. 2d, Pardon and Parole § 111. Thus, even if this court determined that a three and one-half month delay was unreasonable under the circumstances, Parker has already achieved his remedy, *i.e.,* he has been reparoled.

Parker also argues he was denied due process by the parole officer's failure to submit a parole violation report to the Secretary of Corrections, or his designee, within five days of the issuance of an arrest and detain order pursuant to K.S.A. 75-5217(b). A copy of the parole officer's report to Larry Peter, assistant parole

services administrator, issued on the date of Parker's arrest is attached to the State's brief. This evidence renders Parker's argument meritless.

Finally, Parker contends he is entitled to the original parole terms because the parole revocation proceedings were illegal. Parker alleges that under his first parole he was entitled to a 24-month supervision period which began November 4, 1988. Parker argues his liberty is currently restrained by the illegal revocation proceedings because he has been informed he must begin the 24-month program anew.

A Certificate of Parole issued to Parker was effective on November 4, 1988. At that time, he was serving a 2- to 10-year sentence beginning October 12, 1985, with a conditional release date of October 12, 1990. The Certificate of Parole establishes October 12, 1995, as the maximum term of parole unless a certificate of discharge is issued prior thereto. The Certificate of Parole issued February 5, 1990, does not indicate the maximum term of parole; however, the State's brief indicates the maximum term is the previous date of October 12, 1995.

The State argues that Parker's reparole terms are the same as the original terms, with a maximum parole date of October 12, 1995. The State also denies that Parker is entitled to discharge after 24 months of supervision.

Department of Corrections Field Service Order No. 3,118 states:

"1. Kansas Parole Board policy permits discharge from parole or conditional release after completion of 24 months of supervision.

"2. It shall be the responsibility of the supervising parole officer to submit a discharge recommendation for Kansas parolees and conditional releases at the end of the 24th month of supervision if the officer believes the client merits discharge consideration."

Parole is a conditional release from physical custody, but is not a pardon or a reduction in sentence. *State v. Garton*, 8 Kan. App. 2d 142, 651 P.2d 27, *rev. denied* 232 Kan. 876 (1982). It is well established that parole is a privilege, not a constitutional right; and mere eligibility for parole does not entitle the prisoner to parole at the end of a minimum term. See *Heirens v. Mizell*, 729 F.2d 449, 464-65 (7th Cir.), *cert. denied* 469 U.S. 842 (1984); *Schuemann v. Colorado State Bd. of Adult Parole*, 624 F.2d 172,

175 (10th Cir. 1980); *Hodges v. O'Brien*, 589 F. Supp. 1225, 1234 (D. Kan. 1984); 59 Am. Jur. 2d, Pardon and Parole § 73. A pardon is forgiveness and relieves the accused from the legal consequences of a specific crime. 59 Am. Jur. 2d, Pardon and Parole § 1. Probation is the release of a defendant after imposition of sentence, without imprisonment, subject to conditions of the court and supervision by the probation services. K.S.A. 21-4602(3). Parole is the release from prison, before completion of the sentence, on condition that the parolee abide by certain parole rules, but parole does not end the sentence. 59 Am. Jur. 2d, Pardon and Parole § 6. Conditional release releases the accused from parole supervision at the end of the maximum term, less work and good behavior credits earned, subject to rules and conditions of the parole board until expiration of the maximum term or until otherwise discharged. K.S.A. 1989 Supp. 22-3718.

"When an inmate on parole or conditional release has performed the obligations of his release for such time as shall satisfy the authority that his final release is not incompatible with the best interest of society and the welfare of the individual, the [parole] authority may make a final order of discharge and issue a certificate of discharge to the inmate but no such order of discharge shall be made in any case within a period of less than one year after the date of release except where the sentence expires earlier thereto." K.S.A. 22-3722.

Clearly, Parker is not entitled to six months of "credit" toward conditional release. Although departmental policy allows discharge or conditional release after 24 months of supervision, such release is dependent upon the parole officer's recommendation and is discretionary. Thus, there is no denial of liberty in changing a conditional release date since parole itself is a privilege and the maximum term of Parker's parole was not extended by the revocation and reparole.

The application for a writ of habeas corpus is denied.