(6 P.3d 910)

No. 83,160

GEORGE E. TEMPLETON, *Appellee*, v. KANSAS PAROLE BOARD and WARDEN JAY SHELTON, *Appellants*.

—

Opinion filed April 14, 2000.

*James W. Coder*, assistant attorney general, and *Carla J. Stovall*, attorney general, for appellants.

*Paula D. Hofaker*, of Logan, for appellee.

Before GERNON, P.J., ROGG, S.J., and JOHN ANDERSON III, District Judge, assigned.

ROGG, J.: The Kansas Parole Board and Warden Jay Shelton appeal from a district court order granting George E. Templeton's petition for writ of habeas corpus, discharging Templeton from a sentence imposed in 1982.

Templeton was convicted in 1982 of aggravated burglary and theft in Saline County and was sentenced to 1 to 20 years' imprisonment, No. 82-CR-283. In February 1983, the Kansas Adult Authority (KAA), predecessor to the Kansas Parole Board (KPB), issued a certificate of parole to Templeton. Templeton was then delivered to authorities in Iowa to serve a prison term there. This certificate indicated that Templeton would remain within the control of the KAA until August 13, 1989, the date of the expiration of the maximum term or terms of sentence, unless a certificate of discharge is issued by the paroling authority prior thereto.

In July 1994, Templeton was charged in Harvey County, Kansas, with attempted robbery. Templeton eventually pled no contest to this charge and was sentenced to 34 months' incarceration; this sentence was ordered to run consecutive to the 1982 sentence because it was committed while Templeton was on parole. A month after this sentence was imposed, the KPB revoked Templeton's parole in 82-CR-283. Thereafter, Templeton was passed for parole in 1995 and 1996.

A year after the sentencing, Templeton filed an action under K.S.A. 60-1507, contending that his Harvey County sentence was illegal. Templeton argued that his parole in the Saline County case had expired in 1989 and, therefore, it was illegal for the Harvey County sentence to run consecutive to the expired Saline County sentence. The trial court granted the State's motion to dismiss, finding Templeton's claim should be against the KPB and should have been filed under K.S.A. 1999 Supp. 60-1501 instead of with the sentencing court. This court affirmed the trial court's reasoning that "Templeton's action should be filed as a 60-1501 claim" and that the legality of the Harvey County sentence only could be decided after "the merits of the 60-1501 claim are determined." *Templeton v. State*, No. 77,544, unpublished opinion filed June 27, 1997. The mandate was issued in that case on July 30, 1997.

In August 1997, Templeton filed the present petition for writ of habeas corpus under K.S.A. 1999 Supp. 60-1501. Templeton reiterated his arguments from the 1507 action that the certificate of parole constituted a contract between himself and the State and pursuant to that contract, the KPB could not revoke his parole after August 13, 1989. The court appointed counsel and scheduled a hearing on Templeton's petition. During arguments, Templeton's counsel argued Templeton detrimentally relied upon the certificate when he pled no contest to the charges in Harvey County in 1994.

The respondents moved to dismiss Templeton's petition, arguing that his petition was not filed within the 30-day time limit of K.S.A. 1999 Supp. 60-1501 and that his claim failed as a matter of law. The trial court found that the certificate of parole was a contract and the KPB was bound by the agreement. The respondents' motion for reconsideration was denied. They timely appealed.

### Discharge of sentence

In its order granting Templeton's petition, the district court concluded that the certificate of parole constituted a contract, that Templeton relied on the same, and that the KPB was bound by that contract. These findings were conclusory in nature, and the court's opinion does not explain its reasoning.

Whether a binding contract is entered into depends upon the intention of the parties and is a question of fact. *Reimer v. The Waldinger Corp.*, 265 Kan. 212, 214, 959 P.2d 914 (1998). Where the trial court has made findings of fact and conclusions of law, the appellate court's review is limited to determining whether the factual findings are supported by substantial competent evidence and whether those findings are sufficient to support the trial court's conclusions of law. *State v. Haskins*, 262 Kan. 728, 731, 942 P.2d 16 (1997).

Both of the State's arguments have merit. Generally, a contract entered into by a governmental agent is binding on the governmental entity. *Dickerson v. Kansas Dept. of Revenue*, 253 Kan. 843, 852, 863 P.2d 364 (1993). However, the binding nature of governmental contracts is limited by the agency's statutory authority. A contract entered into by a governmental entity which was beyond

the scope of the entity's power is unlawful; the actions of an agency in entering into such a contract are void, and the contract is unenforceable as an ultra vires act. *Wiggins v. Housing Authority of Kansas City*, 22 Kan. App. 2d 367, 369-70, 916 P.2d 718 (1996). A person entering into a contract with a governmental entity is obligated to inquire into the agency's power and be aware of the limits of its powers. *Blevins v. Board of Douglas County Comm'rs*, 251 Kan. 374, 384, 834 P.2d 1344 (1992).

Even if the certificate of parole could be deemed a contract, the certificate attempts to define the date Templeton's maximum term expired as a date 13 years earlier than allowed by law. Parole is a conditional release from physical custody but is not a pardon or a reduction in sentence. *Parker v State*, 247 Kan. 214, 217, 795 P.2d 68 (1990). The KPB cannot discharge a prisoner except as allowed by statute, and any certificate issued beyond the KPB's authority is void. *Bowers v. Hand*, 190 Kan. 136, 137-38, 373 P.2d 189 (1962).

The 1983 certificate provides that Templeton would remain on parole, unless discharged earlier, until the maximum term of his sentence expired; however, the certificate also purported to shorten the maximum term of Templeton's sentence from 20 years to approximately 7 years. The KPB's predecessor, the KAA, had no statutory power to shorten the maximum term of Templeton's sentence. Therefore, construing the certificate as a contract renders the contract as an ultra vires act beyond the authority of the KAA. Even if a contract existed, it was a void act by the KAA and unenforceable.

Templeton's claim that he relied on the certificate to his detriment does not aid his claim. First, the facts fail to establish that Templeton reasonably relied on the 1983 certificate. The trial court's order did not specifically identify what actions or inactions of Templeton constituted a reliance on the purported contract, nor did the district court specifically find the reliance reasonable. In order for the doctrine of promissory estoppel to be invoked, however, the evidence must show: (1) The promisor reasonably expected the promisee to act in reliance on the promise, (2) the promisee acted as could reasonably be expected in relying on the

promise, and (3) a refusal of the court to enforce the promise would sanction the perpetration of fraud or result in other injustice. *Mohr v. State Bank of Stanley*, 244 Kan. 555, 574, 770 P.2d 466 (1989).

Here, Templeton did not plead guilty in the 1994 case until after his parole had been revoked by the KPB and he was reparoled; the new parole certificate indicated Templeton's maximum release date was in 2002. We can assume that Templeton was unaware that the maximum term date on the 1983 certificate was erroneous, although he should have known his sentence was 1 to 20 years. In any event, any reliance by Templeton on his belief that his earlier sentence was discharged cannot be found reasonable when (1) the KPB had revoked his parole the year before, and (2) the new certificate of parole indicated Templeton still had nearly 8 years before completing his maximum sentence.

Finally, even if Templeton's reliance could be considered reasonable, estoppel or ratification cannot validate a governmental contract which is beyond the agency's power to make. See *Wiggins v. Housing Authority of Kansas City*, 22 Kan. App. 2d at 373. Thus, actions in reliance on an ultra vires contract cannot serve to validate the contract. See *Blevins v. Board of Douglas County Comm'rs*, 251 Kan. at 384. We find that the parole certificate did not constitute a valid enforceable contract. Other issues are therefore moot.

Reversed.