NOT DESIGNATED FOR PUBLICATION

No. 123,588

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

V.

MARK C. BERG,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; KEVIN J. O'CONNOR, judge. Opinion filed March 4, 2022. Affirmed in part, vacated in part, and remanded with directions.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., SCHROEDER, J., and JAMES L. BURGESS, S.J.

PER CURIAM: Mark C. Berg appeals from his three concurrent sentences of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years for one count of aggravated criminal sodomy and two counts of aggravated indecent liberties with a child, arguing: (1) The district court erred in denying his motion for a departure sentence; (2) the State breached the terms of the parties' plea agreement by asking the district court to deny Berg's departure motion and impose the presumptive sentence; (3) the district court erroneously ordered lifetime postrelease supervision; and (4) the district court erroneously imposed a correctional supervision fee. After careful

1

review, we affirm Berg's prison sentences, but we vacate Berg's sentence of lifetime postrelease supervision and payment of a correctional supervision fee. We remand for the district court to resentence Berg to lifetime parole and to prepare a nunc pro tunc journal entry reflecting no correctional supervision fee was ordered. Thus, we affirm in part, vacate in part, and remand with directions.

FACTS

Berg was charged with rape, two counts of aggravated criminal sodomy, and five counts of aggravated indecent liberties with a child for acts committed between December 2012 and May 2013. He entered into a plea agreement wherein the State agreed to dismiss five of the charges in exchange for Berg pleading guilty to one count of aggravated criminal sodomy and two counts of aggravated indecent liberties with a child. The plea agreement allowed Berg the opportunity to seek a departure sentence, but it also provided the State preserved its right to recommend the district court impose concurrent sentences of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years for each charge. Berg entered his pleas consistent with the agreement, and the State dismissed the five remaining charges. The district court, based on the factual basis provided, accepted Berg's pleas and found him guilty.

Berg filed a motion to depart to a determinate sentence, citing his acceptance of responsibility, limited criminal history, willingness to serve a prison sentence, and the increased likelihood of reformation with an on-grid sentence as factors supporting a departure. At sentencing, Berg offered essentially the same arguments for a departure. The State responded the district court should not depart but, instead, impose the standard sentence of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years for each count ordered to run concurrent.

2

The district court denied Berg's departure motion, finding there were not substantial and compelling factors to warrant a departure. It imposed concurrent sentences of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years for each charge. It also ordered lifetime postrelease supervision and noted other fees might apply but did not impose them at the sentencing hearing; rather, it indicated any applicable fees would be included in the journal entry of sentencing. The district court subsequently filed the journal entry, which indicated it imposed a $120 correctional supervision fee. Additional facts are set forth as necessary.

ANALYSIS

*The district court did not err in denying Berg's departure motion.*

Berg unpersuasively argues the district court erred in denying his motion to depart to a grid-based sentence. Specifically, Berg takes issue with the fact the district court considered his age at the time of sentencing and, based on his age, the possibility he would reoffend if released after a determinate sentence. Berg argues the district court's denial of his departure motion was based on an error of fact because there was no evidence suggesting he was likely to reoffend if released from prison.

Under K.S.A. 2012 Supp. 21-6627, often referred to as Jessica's Law, Berg's crimes of conviction each carried a standard sentence of imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years. See K.S.A. 2012 Supp. 21-6627(a)(1)(C) and (D). However, for a first conviction, the district court may impose a lesser sentence if it finds "substantial and compelling reasons, following a review of mitigating circumstances, to impose a departure." K.S.A. 2020 Supp. 21-6627(d)(1). If the district court grants a departure, it must "impose a sentence that is proportionate to the severity of the crime of conviction and the offender's criminal history." K.S.A. 2020 Supp. 21-6818(b)(1).

3

When considering a motion to depart in a Jessica's Law case, the district court must first "review the mitigating circumstances without any attempt to weigh them against any aggravating circumstances." *State v. Jolly*, 301 Kan. 313, 324, 342 P.3d 935 (2015). But the district court does not need to affirmatively articulate that it refrained from weighing the mitigating and aggravating circumstances. *State v. Powell*, 308 Kan. 895, 911-12, 425 P.3d 309 (2018). The district court then determines, based upon all the facts of the case, "'whether the mitigating circumstances rise to the level of substantial and compelling reasons to depart from the otherwise mandatory sentence.' *Jolly*, 301 Kan. at 324." *Powell*, 308 Kan. at 913-14. A reason is substantial if it is real and of substance, not imagined or ephemeral. Reasons are compelling when the facts of the case force the district court to abandon the status quo and impose an abnormal sentence. *State v. Reed*, 302 Kan. 227, 250, 352 P.3d 530 (2015); *Jolly*, 301 Kan. at 326.

We review the determination of whether substantial and compelling reasons to depart exist for abuse of discretion. We will not reverse a sentencing court's denial of a departure under Jessica's Law unless the district court abused its discretion in holding there was no substantial and compelling reason to depart. *Powell*, 308 Kan. at 902-03. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party claiming an abuse of discretion bears the burden of showing such abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Here, Berg offered the following reasons in support of his departure motion:

- He had a minimal criminal history consisting of only misdemeanor convictions;

- He accepted responsibility by entering his pleas, saving the State the time and expense of trying the case, and saving the victims from having to testify at trial;
- He was willing to serve a prison sentence;
- He was experiencing health issues due to a heart condition, which had worsened while in pretrial custody; and
- A departure would promote offender reformation by giving him hope of being released.

In ruling on the motion, the district court found:

"I have reviewed the motion to depart. Tried to consider any other factors or circumstances that would rise to the level of a substantial and compelling reason to depart, and I do not find that there are any substantial and compelling reasons to depart from the guideline sentence in this case.

"And what I understand of the case, these were young victims, 9, and 10 years old, that were children, or friends—or a friend of the children, or friends of Mr. Berg, that was allowing him to stay at their residence. They were left under his care and protection. And rather than taking care of children, he victimized them.

"The information that the Court has, is that this was done over a certain time period. There were three, individual victims in this case, all young girls, children, that were victimized by Mr. Berg.

"He is also of an age where the Court is concerned that a sentence, other than the sentence that is the guideline sentence, would allow the possibility of him to victimize someone else if he ever got out of prison again, based upon his past behavior and the information that's available to the Court. So the motion to depart from the guideline sentence, the Court finds no substantial and compelling reasons to depart. And the motion will be denied."

Berg's argument on appeal is not convincing because he has lost sight of a particularly salient point of law—the district court was under no obligation to justify its

denial of his departure motion with substantial and compelling facts. Nevertheless, the fact the sentence imposed was the standard sentence, i.e., what the law ordinarily requires, is inherently substantial and compelling. The sentence set forth by statute is of substance; it is real, not imagined. And courts are compelled to apply the law.

Berg argues the record lacks substantial competent evidence to support the district court's finding he might reoffend if released from prison. Berg is incorrect for several reasons. First, Berg was sentenced for crimes he admitted to by his pleas. The facts of his current convictions under Kansas law justify the sentence imposed. Whether Berg was likely to commit crimes in the future is immaterial. The district court imposed a criminal sentence, not an order for civil commitment. Second, the district court was concerned a departure sentence "would allow *the possibility* of [Berg] to victimize someone else if he ever got out of prison again, based upon his past behavior and the information that's available to the Court." (Emphasis added.) Here, Berg's past behavior was evidenced by his criminal history, which included a 2011 misdemeanor sexual battery conviction, and Berg admitted to the accuracy of his criminal history at sentencing. The district court indicated it reviewed the presentence investigation report reflecting this conviction. Berg's prior conviction establishes he was a repeat sex offender. The district court's concerns about Berg reoffending were not based on some abstract hypothetical.

We find no error in the district court considering Berg's age in denying the departure motion. See *State v. Dull*, 298 Kan. 832, 842, 317 P.3d 104 (2014) (district court not required to state reasons for denying departure from Jessica's Law sentence). As the State points out, the same district judge presided over the plea and sentencing hearings. At the plea hearing, the district court asked Berg his age and highest level of education to ensure he was competent to enter his plea. Berg indicated he was 37 years old. Berg was sentenced approximately six weeks later. In other words, Berg would be approximately 62 years old if he is released upon serving the minimum term of his concurrent sentences of 25 years.

6

Berg requested a departure to a severity level 1 felony for his primary conviction—aggravated criminal sodomy—and a departure to severity level 3 person felonies for his two aggravated indecent liberties with a child convictions. The district court determined Berg's criminal history category was H. See K.S.A. 2012 Supp. 21-6809 (defining criminal history categories based on nature and number of defendant's prior convictions). Therefore, the appropriate grid sentence for Berg's primary conviction would have been a term of imprisonment of 166 to 186 months, with either concurrent or consecutive sentences of 55 to 61 months' imprisonment for each of the aggravated indecent liberties with a child convictions. See K.S.A. 2012 Supp. 21-6804(a) (nondrug felony sentencing grid); K.S.A. 2012 Supp. 21-6819(b) (sentencing court has discretion to impose consecutive or concurrent sentences); K.S.A. 2012 Supp. 21-6819(b)(5) (nonbase sentences determined using criminal history category I). Based on the potential grid sentence(s), Berg could have been sentenced to approximately 14 to 25 years' imprisonment, meaning he could be about 51 at the time of release.

The district court's discussion of the risk Berg presented of reoffending appears to be little more than a common-sense observation based on the practical realities of the natural aging process. It is not uncommon for the district court to consider the age of the individual being sentenced. Further, a grid-based sentence would ensure Berg of a date-certain release, whereas there is no guarantee Berg would be paroled once eligible under the Jessica's Law sentence. See K.S.A. 2020 Supp. 22-3717(q) (For on-grid sentences, "[i]nmates shall be released on postrelease supervision upon the termination of the prison portion of their sentence."); *Parker v. State*, 247 Kan. 214, 217, 795 P.2d 68 (1990) ("It is well established that parole is a privilege, not a constitutional right, and mere eligibility for parole does not entitle the prisoner to parole at the end of a minimum term. [Citations omitted.]").

An objectively reasonable person would not turn a blind eye to a recognized risk factor given the particular facts of this case. Berg's victims ranged in age from 8 to 10,

and his crimes were only discovered after he unsuccessfully propositioned the neighbor's 14-year-old daughter for sex. In other words, Berg's actual and would-be victims were all children. As our Supreme Court has noted: "[T]he 'modern psychology of pedophilia' suggests . . . 'sexual attraction to children and a propensity to act upon it are defining symptoms of this recognized mental illness.'" *State v. Prine*, 297 Kan. 460, 465, 303 P.3d 662 (2013). "Incapacitation [of an offender is] a . . . legitimate reason for imprisonment . . . . Recidivism is a serious risk to public safety." *Graham v. Florida*, 560 U.S. 48, 72, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). Here, it was perfectly reasonable for the district court to consider how the sentence imposed would affect Berg's capacity to reoffend where the very nature of his crimes may demonstrate "'a propensity to act upon'" a sexual attraction to children. See *Prine*, 297 Kan. at 465.

Again, Berg's criminal history reflected a 2011 misdemeanor sexual battery conviction. In support of his departure motion, Berg argued a grid-based sentence would promote offender reformation by giving him hope based on a definitive release date. However, Berg's actions reflect he already failed to reform himself; he chose to victimize multiple children shortly after being convicted of the prior sex crime. Berg further argued his willingness to serve a prison sentence supported granting a departure. This is a factor of little substance and cannot be considered compelling. The standard sentence and requested departure both called for imprisonment. Berg's willingness to serve a prison sentence already required by law generally adds nothing to support his request for a departure.

Further, Berg's vague claims of worsening health conditions in jail add little, if anything, to support his departure request. We have been unable to determine from the record on appeal exactly what Berg's medical condition is. Berg made no argument he was denied appropriate medical care to address his alleged health issues. Thus, we find this factor is not substantial and no reasonable person would find it compelling. Based on the entirety of the mitigating circumstances Berg cited, a reasonable person could

conclude he failed to establish substantial and compelling reasons to grant a departure; therefore, the district court was well within its sound discretion in denying Berg's departure motion.

The record reflects the district court considered the mitigating circumstances cited in Berg's departure motion and found they were not substantial and compelling. While the district court noted the overall facts of the case, it did not discuss or weigh aggravating and mitigating circumstances. In fact, the district court never used the term "aggravating circumstances," nor does its consideration of the facts of the case as a whole suggest it did so implicitly. Although the district court could have simply denied Berg's departure motion without making any findings, the explanation of its reasoning does not show any error in its decision. See *Jolly*, 301 Kan. at 322-24 (district court cannot weigh aggravating and mitigating circumstances but should consider mitigating circumstances in light of overall facts of case); *Dull*, 298 Kan. at 842 (district court not required to make findings when denying departure motion). To grant a departure, the district court must feel compelled, i.e., "'forced, *by the facts of the case*, to leave the status quo or go beyond what is ordinary.'" (Emphasis added.) *Jolly*, 301 Kan. at 326. Here, the district court appropriately considered the facts of the case in denying Berg's departure motion.

We find the district court properly exercised its discretion in denying Berg's departure motion. The district court's explanation of its ruling reflects a thoughtful consideration of the overall facts of the case and a proper determination that the mitigating circumstances cited by Berg did not amount to substantial and compelling reasons to depart from the standard sentences set forth in K.S.A. 2012 Supp. 21-6627(a)(1)(C) and (D). Berg received lawful sentences as provided by law.

*The State did not breach the plea agreement.*

Berg argues the prosecutor's request for the district court to impose the standard Jessica's Law sentence undermined the terms of the parties' plea agreement. His argument is unpersuasive and inaccurately describes the plea agreement. The plea agreement clearly provided Berg was free to argue for a departure sentence while the State would request the district court impose concurrent standard sentences of imprisonment for life with a mandatory minimum term of not less than 25 years for each of Berg's convictions. The State never agreed to join in or stand silent on Berg's departure request. The plea agreement explicitly stated: "The State will recommend the presumptive sentence of life imprisonment with the possibility of parole after 25 years. The State will recommend all counts run concurrent." At sentencing, the State asked the district court to follow the plea agreement, impose the standard Jessica's Law sentences, and run the sentences concurrent.

The State's actions were entirely consistent with the plea agreement. Berg received the benefit of the bargain—the State asking for the sentences to be run concurrent rather than consecutive, and the State dismissing five additional charges in exchange for Berg's pleas. The State fulfilled its agreed-upon obligations. We find Berg's argument unpersuasive without extended discussion. Alternatively, Berg also acknowledges this issue was not raised below. Therefore, we apply our discretion and decline to consider the issue. See *State v. Gray*, 311 Kan. 164, 170, 459 P.3d 165 (2020).

*The district court erred in ordering lifetime postrelease supervision.*

The parties agree the district court erred in ordering lifetime postrelease supervision, as opposed to lifetime parole. See *State v. Cash*, 293 Kan. 326, 330-31, 263 P.3d 786 (2011) (Jessica's Law sentence requires lifetime parole, not postrelease

supervision). We vacate the district court's order of lifetime postrelease supervision and remand for the district court to resentence Berg to lifetime parole.

*The district court erred in ordering Berg to pay a correctional supervision fee in the journal entry.*

The State agrees with Berg the district court erred in including a $120 correctional supervision fee, which was not ordered in open court at the time of sentencing, in the journal entry of sentencing. We note our Supreme Court has generally held the imposition of fees in a criminal case does not constitute part of the defendant's sentence. See *State v. Phillips*, 289 Kan. 28, 39-40, 210 P.3d 93 (2009) (finding unnecessary to assess fees in open court). However, the State concedes the correctional supervision fee only applies in cases where the defendant is placed on probation, granted a suspended sentence, and/or is assigned to community corrections. See K.S.A. 2020 Supp. 21-6607(c)(3)(C). Here, Berg was sentenced to imprisonment for life with a mandatory minimum term of imprisonment of not less than 25 years. The correctional supervision fee is at odds with the plain language of the statute; thus, a nunc pro tunc journal entry must be prepared reflecting no correctional supervision fee was ordered.

Affirmed in part, vacated in part, and remanded with directions.