NOT DESIGNATED FOR PUBLICATION

No. 126,949

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRANCE KELLY,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee.*

MEMORANDUM OPINION

Appeal from Johnson District Court; NEIL B. FOTH, judge. Submitted without oral argument. Opinion filed September 13, 2024. Affirmed.

*Richard P. Klein*, of Lenexa, for appellant, and *Terrance Kelly*, appellant pro se.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., GREEN and SCHROEDER, JJ.

PER CURIAM: Terrance Kelly timely appeals from the summary denial of his second K.S.A. 60-1507 motion, arguing the district court erred in rejecting his challenge to the constitutionality of his life imprisonment sentence with parole eligibility after 15 years for a crime Kelly committed when he was 14 years old. He further argues that lifetime postrelease is unconstitutional for juvenile offenders. Finding no error by the district court, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Terrance Kelly pled guilty to first-degree felony murder and aggravated robbery for acts committed in 1994. Kelly was 14 years old at the time of the offenses; however, the juvenile court declined jurisdiction and certified Kelly for adult prosecution. The district court imposed a sentence of lifetime imprisonment with a mandatory minimum term of 15 years (hard 15) for felony murder and a consecutive sentence of 172 months' imprisonment for aggravated robbery.

Following a series of posttrial motions and related appellate proceedings, our Supreme Court found Kelly was not entitled to withdraw his pleas based on ineffective assistance of counsel. *State v. Kelly*, 298 Kan. 965, 974, 318 P.3d 987 (2014). Kelly subsequently filed a K.S.A. 60-1507 motion in 2015, arguing his plea counsel was ineffective. His motion was summarily denied by the district court as untimely. Another panel of this court affirmed, finding his motion was time-barred and the claims therein were precluded as res judicata. *Kelly v. State*, No. 114,158, 2016 WL 3031256, at *5-6 (Kan. App. 2016) (unpublished opinion).

In 2021, Kelly filed a second K.S.A. 60-1507 motion, challenging the constitutionality of his hard 15 sentence under the Eighth Amendment to the United States Constitution and section 9 of the Kansas Constitution Bill of Rights, based on the United States Supreme Court's decisions in *Miller v. Alabama*, 567 U.S. 460, 479, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012) (finding mandatory sentence of lifetime imprisonment without the possibility of parole for juvenile unconstitutional absent certain findings), and *Montgomery v. Louisiana*, 577 U.S. 190, 205-06, 136 S. Ct. 718, 193 L. Ed. 2d 599 (2016) (finding *Miller* created new constitutional rule applicable to state collateral proceedings). The district court summarily denied Kelly's motion, finding *Montgomery* and *Miller* did not apply because Kelly received a life sentence with parole eligibility after 15 years, not a life sentence without the possibility of parole.

2

ANALYSIS

*Standard of Review*

When the district court summarily dismisses a K.S.A. 60-1507 motion, we conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that the movant is not entitled to relief. *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022).

*Kelly's Sentence Is Not Unconstitutional*

Kelly argues his hard 15 sentence is unconstitutional under *Montgomery* and *Miller*. Kelly also filed a supplemental brief and advances nearly identical arguments, which we decline to address separately.

Kelly's first argument is unpersuasive in light of controlling precedent from our Supreme Court. Largely the same argument was rejected in both *State v. Gulley*, 315 Kan. 86, 101-03, 505 P.3d 354 (2022) (finding *Miller* inapplicable to juvenile sentenced to lifetime imprisonment with mandatory minimum term of 618 months' imprisonment), and *Williams v. State*, 314 Kan. 466, 470, 500 P.3d 1182 (2021) (finding *Miller* inapplicable to upward durational departure enhancing sentence from hard 25 to hard 50). While Kelly makes a number of policy arguments incidentally asserting *Gulley* was wrongly decided, he fails to point to any authority—nor does there appear to be any such authority—indicating our Supreme Court is departing from its position in *Gulley* and *Williams*. We are duty-bound to follow Kansas Supreme Court precedent absent some indication our Supreme Court is departing from its prior position. *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

*Gulley* was decided solely on Eighth Amendment grounds. 315 Kan. at 101-03. However, Kelly further makes some passing reference to section 9 of the Kansas Constitution Bill of Rights but fails to advance any coherent argument as to how the Kansas Constitution might provide greater protections than the Eighth Amendment. To the extent he intended to make a separate claim under the Kansas Constitution, the point is incidentally raised but not argued; thus, it is waived or abandoned. See *State v. Meggerson*, 312 Kan. 238, 246, 474 P.3d 761 (2020). Kelly's first argument fails.

*Kelly's Additional Arguments Are Not Persuasive*

Kelly further argues the imposition of lifetime postrelease supervision/lifetime parole for a juvenile offender is unconstitutional. The district court mentioned the issue near the end of its order denying Kelly's K.S.A. 60-1507 motion. From this portion of the order, it appears the argument was raised in Kelly's reply to the State's response to his K.S.A. 60-1507 motion and was largely based on the reasoning in *State v. Dull*, 302 Kan. 32, 61, 351 P.3d 641 (2015) (lifetime postrelease supervision for juvenile convicted of aggravated indecent liberties with a child categorically unconstitutional). However, this issue was not in Kelly's original K.S.A. 60-1507 motion. Although Kelly's current K.S.A. 60-1507 motion claims he submitted exhibits and an accompanying memorandum of law in support of his motion, neither can be found in the record. But the State's response to Kelly's motion and Kelly's reply to the State's response also cannot be found in the record. Still, we will address the issue because it concerns a pure question of law despite a less than complete record.

In the brief filed by his appellate counsel, Kelly argues lifetime postrelease supervision is unconstitutional. However, his current sentence results in lifetime parole, not lifetime postrelease supervision. See K.S.A. 22-3717(d)(1) ("Persons sentenced for crimes, *other than off-grid crimes*, committed on or after July 1, 1993, . . . will not be eligible for parole, but will be released to a mandatory period of postrelease supervision

4

upon completion of the prison portion of their sentence . . . ." [Emphasis added.]); K.S.A. 21-5402(a)(2) (felony murder is murder in the first degree); K.S.A. 21-5402(b) ("Murder in the first degree is an off-grid person felony."); *State v. Buford*, 307 Kan. 73, 74-75, 405 P.3d 1194 (2017) (hard 15 sentence is sentence of lifetime imprisonment despite eligibility for parole); *Parker v. State*, 247 Kan. 214, 217, 795 P.2d 68 (1990) ("Parole is a conditional release from physical custody, but is not a pardon or a reduction in sentence."). Accordingly, Kelly's arguments about lifetime postrelease supervision are misplaced.

While Kelly's pro se supplemental brief correctly notes he is subject to lifetime parole, his argument is still unpersuasive. Lifetime imprisonment with a mandatory minimum term before parole eligibility is not unconstitutional under the reasoning in *Gulley*, 315 Kan. at 101-03, and *Williams*, 314 Kan. at 470. Because a parolee is still serving a prison sentence—albeit released from physical custody—lifetime parole implies vastly different interests from lifetime postrelease supervision.

The authority Kelly relies on—*Dull*—is readily distinguishable and, therefore, unpersuasive. Dull was a juvenile offender sentenced to a determinate grid-based sentence for aggravated indecent liberties with a child and was subsequently placed on lifetime postrelease supervision. *Dull* was generally decided based on the reasoning in *Graham v. Florida*, 560 U.S. 48, 68, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010). *Dull*, 302 Kan. at 60-61. *Graham* explained a greater degree of punishment is appropriate for murder than other violent, nonhomicide crimes. 560 U.S. at 69. However, *Graham* clearly stated:  "This Court now holds that for a juvenile offender *who did not commit homicide* the Eighth Amendment forbids the sentence of life without parole." (Emphasis added.) 560 U.S. at 74. Thus, *Dull* is consistent with *Graham*, but extending *Dull* here is not.

Further, an offender who has completed the prison portion of a sentencing guidelines grid-based sentence must be released from custody and is no longer serving a prison sentence. See K.S.A. 22-3717(q). In contrast, an offender who is *eligible* for parole is not *entitled* to parole; rather, parole may be granted at the discretion of the Kansas Prisoner Review Board. And, even if paroled, the parolee is still serving a prison sentence. See *Buford*, 307 Kan. at 74-75; *Parker*, 247 Kan. at 217. Thus, lifetime parole does not affect a parolee's liberty interests in the same way lifetime postrelease supervision affects an offender who has already completed his or her determinate prison sentence.

In any event, lifetime parole for a juvenile offender is consistent with the reasoning in *Graham*, 560 U.S. at 69, 74. This is underscored by the Supreme Court's subsequent decision *Miller*. As applied to juvenile offenders, *Miller* establishes (1) lifetime imprisonment *with* the possibility of parole is not unconstitutional, and (2) lifetime imprisonment *without* the possibility of parole for a juvenile is not categorically unconstitutional because certain findings may still justify it. 567 U.S. at 479-80. It logically follows that if lifetime imprisonment without parole is not categorically impermissible for juvenile offenders, lifetime parole is not either. Here, Kelly is challenging lifetime parole for juvenile offenders in a general sense, not based on any facts or circumstances unique to him; thus, he raises only a categorical challenge. But a logical reading of *Miller* and *Graham* reflects lifetime parole for juvenile offenders is not categorically unconstitutional. See *Miller*, 567 U.S. at 479; *Graham*, 560 U.S. at 69, 74. Accordingly, Kelly's argument fails.

Affirmed.