NOT DESIGNATED FOR PUBLICATION

No. 111,371

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID U. JONES,
*Appellant.*


MEMORANDUM OPINION


Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed October 23, 2015. Affirmed.

*Michael P. Whalen* and *Krystle Dalke*, of Law Office of Michael P. Whalen, of Wichita, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before LEBEN, P.J., MCANANY and BUSER, JJ.


LEBEN, J.: David Jones appeals the denial of his motion to correct an illegal sentence. Jones' motion was based on his claim that two misdemeanor convictions that factored into his criminal-history score—and thus made his presumptive sentence longer—shouldn't have been considered because he wasn't represented by an attorney when he pled guilty to those offenses.

But the district court held an evidentiary hearing at which it heard from a municipal court clerk and two attorneys. The clerk testified that a municipal court record showed that Jones had pled guilty to the two offenses and had been represented by an attorney. The attorneys testified that their bar numbers were on the same record. Accordingly, substantial evidence supported the district court's finding that Jones was represented by an attorney when he entered those guilty pleas, and the district court properly denied Jones' motion.

FACTUAL AND PROCEDURAL BACKGROUND

Jones was convicted of rape in 1999. Under our state's sentencing guidelines, a felony offender usually has a presumptive guidelines sentence based upon the severity of the offense and the defendant's criminal-history score. The criminal-history score is based on the number of past convictions, as well as whether those convictions were for felonies or misdemeanors and were person or nonperson offenses. Jones' criminal-history score was H, which gave him a standard guidelines sentence of 220 months. The district court made that Jones' sentence.

In 2011, Jones filed a motion to correct an illegal sentence. Jones claimed that two misdemeanor convictions from Wichita Municipal Court case No. 92-CM2202 should not have been considered in his criminal-history score because he did not have an attorney when he entered pleas to those offenses. The convictions at issue were for battery on a law-enforcement officer and resisting arrest.

Jones' motion argued that if these convictions were excluded, he would have had a criminal-history score of I, the lowest category, and his standard guidelines sentence would have been 194 months. Jones requested that his sentence be amended to 194 months.

2

The district court initially denied Jones' motion based on its review of the court files in the case. Our court reversed that decision and remanded for an evidentiary hearing to determine whether Jones had an attorney for his plea and sentencing in case No. 92-CM2202.

The district court held an evidentiary hearing. Jones' attorney presented several witnesses: Jamie Matthews, a docket clerk supervisor who had worked for the Wichita Municipal Court for 27 years; Bernadine Lumbreras, a clerk for the Sedgwick County District Court; and two attorneys, Charlie O'Hara and Daniel Phillips. Jones' attorney also introduced exhibits A through E, computerized records from the Wichita Municipal Court, and exhibit F, a printed form with handwritten entries that served as the municipal court's original record of actions taken in case No. 92-CM2202.

Matthews said that when a defendant wants to plead guilty in the Wichita Municipal Court without an attorney, the defendant must sign a waiver-of-counsel form, which is noted on the court's record of actions (exhibit F for case No. 92-CM2202). Neither a waiver-of-counsel form nor a notation about one was found in the record for case No. 92-CM2202. Matthews said that the record of actions indicated that an attorney was present for plea and sentencing because the record included two bar numbers (identifying numbers for Kansas attorneys).

Matthews said that exhibit F showed that Jones pled guilty to battery on a law-enforcement officer and resisting arrest on October 7, 1992; another charge of resisting arrest was dismissed that day. Matthews said that the municipal judge ordered a presentence investigation after Jones pled guilty but that sentencing was delayed for several years because Jones absconded. Exhibit F shows that Jones was sentenced in case No. 92-CM2202 on July 23, 1997.

Exhibits A through E were computer-generated records of cases involving Jones in the Wichita Municipal Court. Where case No. 92-CM2202 was listed, a column headed "Attorney?" had the initial "N," suggesting Jones was unrepresented. Matthews said that the Wichita Municipal Court computerized its records in 2004, long after the date case No. 92-CM2202 had been concluded. She also said that the court had changed computer systems several times and that she didn't know how the information transfers had been done. She said that exhibit F was a record made at the time of Jones' plea and sentencing, while exhibits A through E were transfers of information made later into a database.

Attorneys O'Hara and Phillips both acknowledged that their bar numbers were listed on exhibit F. O'Hara said he had represented Jones at different times but had no specific recollection of case No. 92-CM2202. Phillips also recalled representing Jones in several cases, including the underlying rape case, but had no recollection of case No. 92-CM2202.

Phillips also acknowledged one other important fact—municipal court records showed that he had represented Jones in at least seven other Wichita Municipal Court cases heard on July 23, 1997, the date shown for sentencing in case No. 92-CM2202. He said it would not have been his practice to dispose of all of Jones' cases on a single day unless Jones had been present in person.

Jones said he knew he didn't have an attorney in case No. 92-CM2202 when he pled and was sentenced. He recalled hiring O'Hara in case No. 92-CM2202 but not Phillips, though he acknowledged hiring Phillips in other cases. He said he didn't recall being in court on October 7, 1992, the date exhibit F showed him pleading guilty to the offenses.

Jones said that in his interaction with the police officer that led to the charges in case No. 92-CM2202, the officer had hit Jones for no reason. Jones said he had told

4

O'Hara that if the government would drop its charges in case No. 92-CM2202, Jones was willing to forego a civil action against the officer. Jones said O'Hara told him that the case had been dismissed, which is why Jones didn't appear in court on October 7, 1992.

Jones said he did plead guilty on July 23, 1997, the date exhibit F shows he was sentenced. He said he didn't have an attorney with him that day. He couldn't recall any other details about the July 23, 1997, hearing.

The district court concluded that Jones was represented by an attorney for his plea and sentencing in case No. 92-CM2202. The court noted that the municipal court required a written waiver of an attorney for a defendant to proceed without one and that nothing in the exhibits suggested Jones had made a waiver. The court relied on the contemporaneous court record, exhibit F, over the later-generated computer records, exhibits A through E. And the court specifically found Jones' testimony not credible. Because Jones was represented by an attorney at his plea and sentencing, the court denied Jones' motion.

While this case was on remand for the district court to hold an evidentiary hearing, Jones raised one other issue—an objection to the attorney who represented Jones at the evidentiary hearing. The district court had initially appointed an attorney from the local public defender's office to represent Jones. When Jones filed a motion asserting that the attorney wasn't doing an adequate job, the court told Jones that another attorney from the public defender's office would be appointed. That attorney, Jason Smartt, represented Jones at the evidentiary hearing.

Before the hearing was held, Jones filed several motions and other papers on his own behalf before the district court. Jones filed letters he had sent to Smartt asking Smartt to obtain his entire "Sedgwick County Jail records showing the day [Jones] was booked in, on what charges, case number, what was [his] sentence and date released on

every charge" for the period from January 1, 1990, through December 31, 1999. Jones also filed a motion to dismiss Smartt as his attorney, contending that Smartt had a conflict of interest because he worked in the same public defender's office as Jones' first attorney.

At the beginning of the evidentiary hearing, Smartt told the court—and Jones personally confirmed—that Jones wanted to withdraw the motions he had filed. But Jones then said he didn't "feel comfortable going to hearing with [Smartt]" because Smartt had a conflict of interest since Jones had "fired his colleague." Jones also said he needed more time to go over the evidence before the hearing.

The district court asked Jones what information he needed to go over and reminded Jones that the purpose of the hearing was quite limited—to determine whether Jones had an attorney at his plea and sentencing in case No. 92-CM2202. Smartt said that he and Jones had met for 50 minutes that morning and had gone through the documents he intended to introduce. Smartt also said he had reviewed with Jones the questions he planned to ask each witness on direct examination. Jones continued to assert that he was not ready for the hearing, but the court denied his motion to dismiss Smartt as his attorney and proceeded with the hearing.

Jones has appealed both the denial of his motion to dismiss Smartt as his attorney and the denial of his motion to correct an illegal sentence.

ANALYSIS

Since a new hearing might be required if the district court wrongly denied Jones' request for a new attorney, we will start with that issue. We review a district court's refusal to appoint new counsel and the denial of a continuance (Jones also orally requested more time to review documents) for abuse of discretion. *State v. Lewis*, 299 Kan. 828, 846, 326 P.3d 387 (2014); *State v. Sappington*, 285 Kan. 176, Syl. ¶ 9, 169

6

P.3d 1107 (2007). Under that standard, we reverse the district court only if its decision is based on a factual or legal error or when no reasonable person would agree with its decision. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

A defendant seeking substitute counsel must show justifiable dissatisfaction with his or her appointed counsel, which can be established by "showing a conflict of interest, an irreconcilable disagreement, or a complete breakdown in communication between counsel and the defendant." *State v. Brown*, 300 Kan. 565, Syl. ¶ 3, 331 P.3d 797 (2014). A criminal defendant seeking new counsel must provide an "'"articulated statement of attorney dissatisfaction."' [Citations omitted.]" 300 Kan. at 575. Such a statement by the defendant "'"trigger[s] the district court's *duty* to inquire into a potential conflict"' of interest. [Citations omitted.]" 300 Kan. at 575. Moreover, a defendant's right to an attorney under the Sixth Amendment to the United States Constitution includes the right to an attorney who has no conflict of interest, and this right extends to postconviction proceedings like this one in which the State is represented by an attorney. See *State v. Prado*, 299 Kan. 1251, 1256, 329 P.3d 473 (2014); *State v. Taylor*, 266 Kan. 967, 975, 975 P.2d 1196 (1999).

Here, Jones claimed a conflict merely because Smartt and Jones' former attorney both worked for the local public defender's office. But the district court did not replace the first attorney based on a finding that the attorney had an actual conflict of interest or had provided inadequate assistance. Rather, the court told Jones that it would have the public defender's office appoint another attorney to represent Jones. Our record does not disclose any actual conflict of interest involving that first attorney; nor does it show that the first attorney provided inadequate assistance. We therefore find no basis for a conflict of interest involving Smartt merely because he too was from the local public defender's office.

As to the merits of Jones' complaints, the district court made an appropriate inquiry. Although Jones had wanted to obtain records concerning all of his convictions and incarcerations for a decade, the district court properly responded that the evidentiary hearing was limited to whether Jones was represented on two dates—the dates of his plea and of his sentencing in case No. 92-CM2202. The court also noted that Smartt, not Jones, was responsible for presenting the evidence—and Smartt was fully prepared for the hearing. We find no abuse of discretion in the district court's denial of Jones' motion for a new attorney or of his oral request to postpone the hearing.

On the underlying motion to correct illegal sentence, when the district court holds an evidentiary hearing, an appellate court conducts a mixed review of fact and law. First, we must accept the district court's factual findings if they are supported by substantial evidence, meaning evidence that a reasonable person could accept as being sufficient to support a conclusion. We then review the district court's legal conclusions independently, without any required deference to the district court. See *Gannon v. State*, 298 Kan. 1107, 1175-76, 319 P.3d 1196 (2014) (applying standard of review for mixed question of law and fact); *State v. Adams*, 297 Kan. 665, 669, 304 P.3d 311 (2013) (applying standard of review for mixed question of law and fact in habeas claim under K.S.A. 60-1507); *State v. Howard*, 287 Kan. 686, 691, 198 P.3d 146 (2008) (noting that court has applied same review standards to motions to correct illegal sentence and habeas motions under K.S.A. 60-1507). Because Jones didn't challenge the use of these past convictions at his sentencing, he had the burden before the district court to show that he didn't have an attorney when he entered his plea or when he was sentenced in case No. 92-CM2202. See *State v. Neal*, 292 Kan. 625, Syl. ¶ 6, 258 P.3d 365 (2011).

We first determine whether substantial evidence supports the district court's factual finding that Jones was represented when he pled guilty and when he was sentenced. In announcing its ruling orally, the district court mentioned the testimony of Matthews, Phillips, and Jones, as well as the exhibits from the Wichita Municipal Court.

8

The court noted Matthews' testimony that her court requires a written waiver of counsel if a defendant is unrepresented at a plea and said that "if there had been a written waiver of counsel there would have been one in the file and in the court records." Noting that exhibit F contained the bar numbers for attorneys O'Hara and Phillips, the court said the exhibit indicated that Jones had "the benefit of two attorneys" in the municipal court proceeding. The court found exhibit F, a contemporaneous record, more reliable than exhibits A through E, which were prepared later from computerized databases. The court also found it telling that when Phillips represented Jones in the underlying rape case in 1999—only 2 years after sentencing in case No. 92-CM2202—he did not object to Jones' criminal-history score. And the district court found Jones' testimony about being unrepresented "completely uncredible."

A reasonable person could accept the evidence as sufficient to support the conclusion that Jones was represented both when he entered his guilty pleas and when he was sentenced in case No. 92-CM2202. As a legal matter, Jones' claim is solely dependent upon his factual assertion that he was unrepresented. Accordingly, the district court did not err in denying Jones' motion to correct an illegal sentence.

The district court's judgment is affirmed.