NOT DESIGNATED FOR PUBLICATION

No. 124,684

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ENRIQUE C. PERALES,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed January 27, 2023. Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., HURST and COBLE, JJ.

PER CURIAM: Enrique C. Perales appeals the district court's summary denial of his motion to correct illegal sentence. Perales claims the district court erred by counting his two misdemeanor stalking convictions as separate convictions in determining his criminal history score because the convictions arose from a single complaint. He also claims for the first time on appeal that his prior misdemeanor battery conviction may be invalid based on a discrepancy between the case number and the date of the conviction. Although we disagree with the district court's stated reason for denying Perales' motion, we find the district court reached the correct result. Thus, we affirm the district court's judgment.

1

FACTUAL AND PROCEDURAL BACKGROUND

In 2017, a jury found Perales guilty of one count of aggravated criminal sodomy and one count of aggravated battery. The facts supporting Perales' convictions are not relevant to this appeal, but are set out in *State v. Perales*, No. 119,815, 2019 WL 5089857, at *1-3 (Kan. App. 2019) (unpublished opinion). Perales' presentence investigation (PSI) report showed that he had a criminal history score of D based on the aggregation of three person misdemeanor convictions into a person felony. Of the three person misdemeanors, two arose from Perales' convictions of two counts of stalking in case No. 15CR427. The third person misdemeanor arose from a 1996 municipal conviction of battery in case No. 03DV3843.

Before sentencing, Perales filed a written objection to his PSI report in which he generally disputed his criminal history and specifically disputed the validity of the three person misdemeanor convictions. But at the sentencing hearing, Perales withdrew his objection to the PSI report and personally agreed that he was in criminal history D. Based on the PSI report, the district court sentenced Perales to 253 months' imprisonment.

In his direct appeal, Perales claimed his sentence was illegal because the district court erred in scoring his municipal battery conviction as a person misdemeanor. Perales did not dispute the scoring of the two stalking convictions. This court denied Perales' sentencing claim—along with the rest of his claims on appeal—and affirmed his convictions and sentence. *Perales*, 2019 WL 5089857, at *13.

On July 22, 2021, Perales filed with the district court a "Pro Se Motion to Correct Illegal Sentence." In the motion, Perales argued that his two prior stalking convictions were incorrectly scored because they arose from the same criminal complaint. The State responded that Perales' claim was barred by the doctrine of res judicata because Perales had raised an illegal sentence challenge on direct appeal and could have raised his

argument about the stalking convictions at that time. Without holding a hearing, the district court adopted the State's response and summarily denied Perales' motion to correct illegal sentence. Perales timely appealed the district court's judgment.

ANALYSIS

Perales claims the district court erred by summarily denying his motion to correct illegal sentence. Perales' main argument on appeal is that the district court erred by counting his two misdemeanor stalking convictions as separate convictions in determining his criminal history score because the convictions arose from a single complaint. He also argues for the first time on appeal that his prior misdemeanor battery conviction may be invalid based on a discrepancy between the case number and the date of the conviction. The State argues that the district court correctly found that Perales' motion was barred by the doctrine of res judicata. Alternatively, the State contends that Perales' claims fail on their merits.

We will first address the State's contention that Perales' motion was properly denied under the doctrine of res judicata. Whether the doctrine of res judicata applies is an issue of law over which appellate courts exercise unlimited review. *State v. Salary*, 309 Kan. 479, 481, 437 P.3d 953 (2019). As a general rule, courts will apply res judicata to bar a claim where these requirements are met: "'(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.'" *Bogguess v. State*, 306 Kan. 574, 579, 395 P.3d 447 (2017).

The State argues that res judicata bars Perales' contentions because (1) the parties are identical here and on Perales' direct appeal; (2) Perales has already raised a challenge to the legality of his sentence on direct appeal; (3) Perales' could have raised his current argument as part of his direct appeal; and (4) the direct appeal was decided on the merits. The parties do not contest the identity of the parties and that Perales' direct appeal was

3

decided on the merits. Instead, the contention lies with whether Perales raises the same issue as in his direct appeal or if he could have raised the issue on direct appeal.

The Kansas Supreme Court has not applied the doctrine of res judicata in illegal sentence cases because an issue *could have been* previously raised. Under K.S.A. 2021 Supp. 22-3504(a), the court may correct an illegal sentence "at any time" while the defendant is serving the sentence. Our Supreme Court has interpreted the "at any time" statutory language to mean that an issue must have been raised previously for res judicata to apply to illegal sentence challenges. *State v. Dickey*, 305 Kan. 217, 222, 380 P.3d 230 (2016) ("The State's remaining efforts to impose a procedural bar to the relief Dickey seeks—arguments concerning retroactivity and res judicata—are all unavailing in the context of a motion to correct illegal sentence which can be made at any time."); *State v. Alonzo*, 296 Kan. 1052, 1057-58, 297 P.3d 300 (2013) ("Although this court has used general res judicata language in these [illegal sentence] cases when describing the doctrine—*i.e.*, has stated the doctrine applies when an issue was *or could have been* presented—typically the issue has been actually raised."); *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011) ("[T]he motion to correct illegal sentence is not subject to our general rule that a defendant must raise all available issues on direct appeal.").

In other words, the doctrine of res judicata usually bars prior claims between the same parties that were raised or could have been raised in prior proceedings. But on a motion to correct illegal sentence that can be made at any time, res judicata does not apply to bar a claim unless the claim has been raised and addressed before; it does not matter that the claim could have been raised in prior proceedings.

The State cites *State v. Murdock*, 309 Kan. 585, 592-93, 439 P.3d 307 (2019), for the proposition that our Supreme Court has moved away from the limited application of res judicata in illegal sentence claims. But the issue addressed in *Murdock* was whether a sentence that was legal when it was pronounced by the court can become illegal based on

4

a subsequent change in the law. 309 Kan. at 589. We find nothing in the court's analysis in *Murdock* that modifies our Supreme Court's precedent that the doctrine of res judicata has limited application in a challenge to an illegal sentence.

Regarding whether Perales now raises an identical issue, the State concedes that "[Perales] is raising a slightly different issue than in his direct appeal." In his direct appeal, Perales claimed his sentence was illegal because the district court erred in scoring his misdemeanor battery conviction as a person misdemeanor. Perales did not challenge in his direct appeal the scoring of his two stalking convictions, which is the main claim he makes in his motion to correct illegal sentence. No court has addressed Perales' current claim that the district court erred by counting his two misdemeanor stalking convictions as separate convictions because they arose from a single complaint. As a result, the district court erred when it summarily denied Perales' motion on res judicata grounds.

Turning to the merits, Perales argues that his two prior stalking convictions cannot both be used to calculate his criminal history score because they "consisted of two counts in a single criminal complaint." A district court need not automatically hold a hearing on a defendant's motion to correct illegal sentence. K.S.A. 2021 Supp. 22-3504(a) states that a defendant shall receive a hearing "[u]nless the motion and the files and records of the case conclusively show that the defendant is entitled to no relief." When the district court summarily denies a motion to correct illegal sentence, this court's standard of review is de novo "because appellate courts have the same access to the motion, records, and files as the district court." *State v. Howard*, 287 Kan. 686, 691, 198 P.3d 146 (2008).

Perales argues that only a single conviction may arise from a single criminal complaint, and so the two stalking convictions arising from the same complaint should have been scored as a single conviction. K.S.A. 2021 Supp. 21-6810(a) defines a prior conviction for criminal history purposes:

"A prior conviction is any conviction, other than another count in the current case, which was brought in the same information or complaint or which was joined for trial with other counts in the current case pursuant to K.S.A. 22-3203, and amendments thereto, which occurred prior to sentencing in the current case, regardless of whether the offense that led to the prior conviction occurred before or after the current offense or the conviction in the current case."

The statute also states that "all convictions, whether sentenced consecutively or concurrently, shall be counted separately in the offender's criminal history." K.S.A. 2021 Supp. 21-6810(c). The State argues that under the statute, both stalking convictions are "prior convictions" subject to criminal history scoring. Perales acknowledges that a prior conviction under the revised Kansas Sentencing Guidelines Act (KSGA) is defined in K.S.A. 2021 Supp. 21-6810. Statutory interpretation is a question of law over which appellate courts have unlimited review. *State v. Stoll*, 312 Kan. 726, 736, 480 P.3d 158 (2021).

There is nothing in the plain language of K.S.A. 2021 Supp. 21-6810(a) and (c) that prevents every prior conviction from being scored in a defendant's criminal history, even if the prior convictions arose from a single complaint. Perhaps Perales' confusion arises from the statutory language that a "prior conviction is any conviction, other than another count *in the current case*, which was brought in the same information or complaint . . . which occurred prior to sentencing in the current case." (Emphasis added.) Simply put, multiple convictions under a single complaint are not counted against each other for criminal history purposes in the current case. But when the defendant is later sentenced in other cases, every prior conviction in the defendant's criminal history is scored, even if the prior convictions arose from a single complaint.

We can use Perales' case as an example. When Perales was convicted of two counts of stalking in 15CR427, the two counts of stalking did not count against each other in determining his criminal history score in that current case. But when Perales is

6

later sentenced in other cases, each prior stalking conviction from 15CR427 is counted in determining in his criminal history score, even though the prior stalking convictions arose from a single complaint. Indeed, Kansas courts have routinely found that separate convictions may arise from a single complaint for criminal history purposes. See, e.g., *State v. Shipley*, 62 Kan. App. 2d 272, 273-74, 510 P.3d 1194 (allowing three prior convictions of aggravated robbery from the same complaint to apply to the defendant's criminal history calculation), *rev. denied* 316 Kan. ___ (September 30, 2022).

Perales cites a couple of cases to try to support his argument. Perales first cites *State v. Roderick*, 259 Kan. 107, 116, 911 P.2d 159 (1996), where the Kansas Supreme Court held, among other things, that multiple convictions entered on the same day in different cases are considered separate convictions for criminal history purposes. Perales argues "that unlike [the defendant in] *Roderick*, his stalking convictions were both part of the same case when charged." The *Roderick* court addressed K.S.A. 1994 Supp. 21-4720(b) that describes the procedure for determining when consecutive sentences may be imposed in "'multiple conviction cases.'" 259 Kan. at 113. The court held that the "double rule" under K.S.A. 1994 Supp. 21-4720(b)(4) applies to multiple convictions arising from multiple counts within an information, complaint, or indictment and not to multiple convictions entered on the same date in different cases. 259 Kan. at 114. There is nothing in the court's analysis in *Roderick* that supports Perales' interpretation of a "prior conviction" as the term is defined in K.S.A. 2021 Supp. 21-6810.

Perales also cites *State v. Arnett*, 290 Kan. 41, 223 P.3d 780 (2010), which involved a unique set of facts in which the defendant was charged with three counts of forgery in a single complaint. The defendant pleaded no contest to all three charges. The applicable forgery statute in *Arnett* used a progressive sentencing scheme, where prior convictions under the statute were applied to elevate the severity of the sentence for later violations. On appeal, our Supreme Court considered whether the defendant's plea to all three forgery counts in the same complaint could serve as a "third conviction" under the

7

sentencing scheme. 290 Kan. at 45. In addressing this issue, and with little more explanation, the court found that "[i]t is also clear from the record that when the defendant entered her plea to Count 1 of the complaint, the two remaining counts were criminal charges, not criminal forgery convictions." 290 Kan. at 45. Perales focuses on this language and argues that "after he pled to the first count of stalking, the second count became merely a 'charge,' and was not a person misdemeanor."

Perales' reliance on *Arnett* is misplaced. First, Perales misinterprets the limited holding in *Arnett* as to expand to all criminal history calculations. Nowhere in *Arnett* does the court hold that using the conviction on the first count in a criminal complaint precludes any other convictions from the same complaint from being used for criminal history purposes. Second, *Arnett* involved a unique question about the application of a statutory progressive sentencing scheme in which the State tried to use each conviction in a single complaint to elevate the severity of the sentence for each of the charges. 290 Kan. at 42-44. Perales' case does not involve a similar progressive sentencing scheme.

A "prior conviction" under the KSGA is defined in K.S.A. 2021 Supp. 21-6810(a), and there is nothing in the plain language of the statute that prevents every prior conviction from being scored in a defendant's criminal history, even if the prior convictions arose from a single complaint. Perales' cites no legal authority to support his argument to the contrary. Perales' prior convictions of two counts of stalking arising from the same complaint count as separate convictions in determining his criminal history. Thus, the district court did not err in summarily denying Perales' motion to correct illegal sentence based on this claim. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015) (holding district court's decision will be upheld if it is correct for any reason).

In the final paragraph of his brief, Perales asserts that his prior misdemeanor battery conviction may be invalid based on a discrepancy between the case number and the date of the conviction. Perales' PSI report shows the conviction date as July 24, 1996,

with the case No. 03DV3843. He argues that a 1996 conviction with a 03DV3843 case number "would appear to be a legal impossibility." Perales did not make this argument in his motion to correct illegal sentence in district court. Perales "requests a remand for an evidentiary hearing to settle the question."

The State argues that because Perales raises this issue for the first time on appeal, "the burden to prove [Perales'] criminal history rests with [Perales]." The State concludes that Perales has failed to meet his burden to prove error in the criminal history, and that his argument should be denied. In support of its argument, the State relies on *State v. Roberts*, 314 Kan. 316, 322, 498 P.3d 725 (2021), which outlined the burden shift of K.S.A. 2020 Supp. 21-6814. The *Roberts* court explained:

> "[T]he State bears the burden to prove criminal history at sentencing. The State can satisfy its burden to establish criminal history by preparing for the court and providing to the offender a summary of the offender's criminal history. If the defendant provides written notice of any error in the summary criminal history report and describes the exact nature of that error, then the State must go on to prove the disputed portion of the criminal history. In the event the offender does not provide the required notice of alleged criminal history errors, then the previously established criminal history in the summary satisfies the State's burden, and the burden of proof shifts to the offender to prove the alleged criminal history error by a preponderance of the evidence." 314 Kan. at 322.

Before sentencing, Perales filed a written objection to his PSI report in which he generally disputed his criminal history and specifically disputed the validity of the three person misdemeanor convictions, but he withdrew this objection at the sentencing hearing and personally agreed he was in criminal history D. Perales did not raise the specific objection he is now making about the misdemeanor battery conviction either at sentencing or in his motion to correct illegal sentence.

9

On appeal, Perales simply points to the discrepancy between the case number and the date of the conviction, and he summarily concludes that "the PSI may be in error." Perales neither cites supporting documentation in the record to show that an error has occurred, nor cites any legal authority to support his conclusory argument. Without a greater demonstration of error—and how that error effects his criminal history—Perales has not met his burden of proof. See *State v. Myers*, 62 Kan. App. 2d 149, 195, 509 P.3d 563 (finding defendant had not met his burden of proof when he had admitted to his criminal history categorization and failed to point to evidence in the record to establish that an error had been made), *rev. denied* 316 Kan. ___ (September 30, 2022). As a result, Perales is entitled to no relief on this claim in this appeal.

Affirmed.